## GOUBLIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 27, 1919.)

No. 3284.

1. INDICTMENT AND INFORMATION ⬤⟶3—PROSECUTION FOR KEEPING DISORDERLY HOUSE BY EITHER INDICTMENT OR INFORMATION.

Prosecution for violation, contrary to Act May 18, 1917, c. 15, § 13 (Comp. St. 1918, § 2019b), of order of Secretary of War as to prostitution near a military camp need not be by indictment, but may be by information.

2. CRIMINAL LAW ⬤⟶1206(5)—PUNISHMENT FOR SEXUAL IMMORALITY NEAR MILITARY CAMP.

In view of Rev. St. § 13 (Comp. St. § 14), unaffected by Criminal Code (Act March 4, 1909), or any other act, and providing that, in the absence of express provision to the contrary in a repealing statute, a repealed statute shall remain in force for purpose of sustaining action or prosecution for enforcement of penalty thereunder, one who, contrary to Act May 18, 1917, c. 15, § 13 (Comp. St. Ann. Supp. 1919, § 2019b), had violated an order of the Secretary of War against sexual immorality near a military camp, was not protected from punishment therefrom by the subsequent amendatory act of July 9, 1918; no expression therein indicating such intention, but it going more into detail in extending the provisions of the earlier act.

Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Emily Goublin was convicted of violation of Act May 18, 1917, c. 15, § 13, and she brings error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. [1] The plaintiff in error, having been adjudged guilty and sentenced under her plea of guilty to an information charging her with violation of section 13 of Act May 18, 1917, c. 15, 40 Stat. 83 (Comp. St. 1918, § 2019b), seeks by writ of error to review the judgment, and she contends, first, that the judgment is void for the reason that the proceeding was by information, instead of by indictment, and for the further reason that the affidavit to support the information, although purporting to have been sworn to, omits the date of the jurat, and is otherwise defective. This contention is disposed of by the recent decisions of this court in Blanc v. United States, 258 Fed. 921, —— C. C. A. ——, and Brown v. United States, 260 Fed. 752, —— C. C. A. ——.

[2] The next point urged is that the act of May 18, 1917, as to section 13 thereof, under which conviction was had, was repealed by the amendatory Act July 9, 1918, c. 143, subc. 14, 40 Stat. 885,

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

passed since the conviction. But there is nothing expressed to indicate that by the latter act Congress intended that those who had violated the earlier act should escape liability. On the contrary, the later act pertained to the same subject as the earlier, and even went more into detail in extending the provisions of the statute. General saving clauses, therefore, become important, and to them we now turn.

Section 13, Revised Statutes (Comp. St. § 14), in effect December 1, 1873, is as follows:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Section 5601 of the Revised Statutes (Comp. St. § 10598) provides:

"The enactment of the said revision is not to affect or repeal any act of Congress passed since the 1st day of December, 1873, and all acts passed since that date are to have full effect as if passed after the enactment of this revision, and so far as such acts vary from or conflict with any provision contained in said revision, they are to have effect as subsequent statutes, and as repealing any operation of the revision inconsistent therewith."

On March 4, 1909 (35 Stat. 1088, c. 321), Congress passed an act to codify, revise and amend the penal laws of the United States. After specifying that certain earlier statutes were repealed, section 341 (Comp. St. § 10515) provides as follows:

"Also all other sections and parts of sections of the Revised Statutes and acts and parts of acts of Congress, in so far as they are embraced within and superseded by this act, are hereby repealed; the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this act had not been passed."

Then follows section 342 (Comp. St. § 10516), providing that the repeal of existing laws or modification should not affect proceedings had or commenced in any civil case prior to the repeal or modification, and section 343 (Comp. St. § 10517), which provides as follows:

"All offenses committed, and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any law embraced in, or changed, modified or repealed by this title, may be prosecuted and punished in the same manner and with the same effect as if this act had not been passed."

These provisions of the Criminal Code became effective on and after the 1st day of January, 1910, and the argument of the plaintiff in error is that they operated to supersede section 13, supra, of the Revised Statutes of 1878. But, in our opinion, no such conclusion can be sustained. Without in the least overlooking the general rule that the revision and codification take the place of all former laws on the subject, nevertheless, as to offenses committed against a statute which has been amended or repealed, there may be applied a general existing statute by which, notwithstanding such repeal, a statute is kept alive for the purpose of sustaining a prosecution for liability under it. This is shown by section 343, which is much like section 5598 of the Revised Statutes (Comp. St. § 10595). The Supreme

Court, in United States v. Reisinger, 128 U. S. 398, 9 Sup. Ct. 99, 32 L. Ed. 480 referred to section 5598, and said that it was "the obvious intention of section 13 * * * to extend this provision to the repeal of any statute not embraced in such revision." The plain object of a general statute, such as section 13, is to meet a situation where, but for such a general provision, there would be a time of nonliability. Section 343 is applicable to repeals effected by the Criminal Code, but does not repeal section 13 of the Revised Statutes. By regarding section 13 of the Revised Statutes as in force, and as keeping alive the right to prosecute violations of section 13 of the act of May 18, 1917, there was no period of nonliability for doing the acts charged against the plaintiff in error.

In Hertz v. Woodman, 218 U. S. 205, 30 Sup. Ct. 621, 54 L. Ed. 1001, decided on May 31, 1910, after the Criminal Code took effect, the Supreme Court said that the fourth section of the act of Congress of February 25, 1871 (16 Stat. 431, c. 71 [Comp. St. § 14]), "was carried into the revision of 1878 and is now in force as section 13, Rev. Stat.," and added:

"This provision has been upheld by this court as a rule of construction applicable, when not otherwise provided, as a general saving clause to be read and construed as a part of all subsequent repealing statutes, in order to give effect to the will and intent of Congress."

In the earlier case of Great Northern Railway Co. v. United States, 208 U. S. 452, 28 Sup. Ct. 313, 52 L. Ed. 567, the court held that section 13 must be enforced, unless "either by express declaration or necessary implication, arising from the terms of the law as a whole, it results that the legislative mind will be set at naught by giving effect to the provisions of section 13." Again, in the recent case of Hallowell v. Commons, 239 U. S. 506, 36 Sup. Ct. 202, 60 L. Ed. 409, decided in 1916, the court regarded section 13, Revised Statutes, as in force.

It is certain that there is no inclusion of section 13 in the express repealing provisions of the Criminal Code of March 4, 1909, and our opinion is that there is no repealing clause in any subsequent act which conflicts with the general rule of section 13, and of its applicability to the case before us.

The result is that the plaintiff in error was liable to prosecution under the act of May 18, 1917, and her liability was not affected by the amending act of 1918, or any clause thereof, but that under the rule of section 13, Revised Statutes, she was rightly proceeded against.

The judgment is affirmed.

ROSS, Circuit Judge (dissenting). Supported by an affidavit of a police officer of the city of San Francisco, an information was filed in the court below June 14, 1918, by the United States attorney, alleging that the defendant (plaintiff in error here), on the 1st, 2d, and 3d days of June, 1918, and particularly on said 3d day, entered and remained in a certain house of ill fame located at No. 362a Third street, San Francisco, for the purpose of prostitution, in violation of section 13 of the act entitled "An act to authorize the President to in-

crease temporarily the military establishment of the United States," approved May 18, 1917, and the order of the Secretary of War made and issued on the 17th day of January, 1918, in pursuance of that act, designating the distance of five miles from a military camp, fort, post, cantonment, training or mobilization place, within which distance it should be unlawful to enter or reside in, for immoral purposes, any such house of ill fame—the information further alleging the house to be within five miles of the Presidio and Ft. Mason, and that they are military posts and forts, and used as such at the times mentioned. The affidavit of the police officer stated:

"That Emily Goublin did, during the month of June, 1918, and particularly on the 3d day of June, 1918, at No. 362a Third St. street, in the city of San Francisco, state of California, enter and remain a house of ill fame wherein for the purpose of prostitution; that said house of ill fame was and is within five miles of a military post, to wit, the Precidio and Ft. Mason; that said Precidio and Ft. Mason, durling all of the said time, being used by the United States government for millatary purposes."

The defendant having pleaded guilty, judgment was entered against her June 15, 1918, that she be imprisoned for the period of six months in the San Francisco county jail. Subsequently she procured counsel, and the present writ of error was sued out in her behalf; one of the grounds being that the offense could only be prosecuted by indictment, which point has just been adjudged without merit in the case of Brown v. The United States, No. 3290, 260 Fed. 752, —— C. C. A. ——.

Assuming that a supporting affidavit was essential to the filing of the information, I think it unnecessary to pass upon the question raised as to its sufficiency, because of the view I take of the point made that the law upon which the prosecution was initiated ceased to exist subsequent to her sentence. Section 13 of the act of May 18, 1917, mentioned in the information, is as follows:

"That the Secretary of War is hereby authorized, empowered, and directed during the present war to do everything by him deemed necessary to suppress and prevent the keeping or setting up of houses of ill fame, brothels, or bawdyhouses within such distance as he may deem needful of any military camp, station, fort, post, cantonment, training or mobilization place, and any person, corporation, partnership, or association receiving or permitting to be received for immoral purposes any person into any place, structure, or building used for the purpose of lewdness, assignation, or prostitution within such distance of said places as may be designated, or shall permit any such person to remain for immoral purposes in any such place, structure, or building as aforesaid, or who shall violate any order, rule, or regulation issued to carry out the object and purpose of this section shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000, or imprisonment for not more than twelve months, or both." Comp. St. 1918, § 2019b, Appendix.

It is conceded by the plaintiff in error that on January 17, 1918, the Secretary of War made certain orders, rules, and regulations to carry out the provisions of that act, by the fourth of which every person was prohibited—

"to enter or reside, for any immoral purposes, in any house of ill fame, brothel, or bawdyhouse located within five miles of any military camp, station, fort, post, cantonment, training, or mobilization place."

Both the statute and the order made by the Secretary of War thereunder were founded upon the authority of the Constitution of the United States. Pappens v. United States, 252 Fed. 55, 57, 164 C. C. A. 167; Grancourt v. United States, 258 Fed. 25, —— C. C. A. ——. It will be at once seen, from the language of the above-mentioned act of Congress, that it was the alleged violation of the order of tne Secretary of War which constituted the misdemeanor charged against the plaintiff in error.

It appears that shortly after her commission thereof, and sentence therefor, to wit, on the 9th of July, 1918, Congress passed an act (40 Stat. part 1, Public Acts and Resolutions, 1917–1918, p. 885), which, among other things, provided:

"That section thirteen of the act entitled 'An act to authorize the President to increase temporarily the military establishment of the United States,' approved May eighteenth, nineteen hundred and seventeen, be, and the same is hereby, amended to read as follows, subject to the 'same modifications as prescribed in the act approved October sixth, nineteen hundred and seventeen:

" 'Sec. 13. That during the present emergency [which emergency I understand to mean the emergency of the then existing state of war] it shall be unlawful, within such reasonable distance of any military camp, station, fort, post, cantonment, training or mobilization place as the Secretary of War shall determine to be needful to the efficiency and welfare of the Army, and shall designate and publish in general orders or bulletins, to engage in prostitution or to aid or abet prostitution or to procure or solicit for purposes of prostitution, or to keep or set up a house of ill fame, brothel, or bawdyhouse, or to receive any person for purposes of lewdness, assignation, or prostitution into any vehicle, conveyance, place, structure, or building, or to permit any person to remain for purposes of lewdness, asssignation, or prostitution in any vehicle, conveyance, place, structure, or building; and any person, corporation, partnership, or association violating the provisions of this chapter shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both such fine and imprisonment, and any person subject to military law violating this chapter shall be punished as provided by the Articles of War; and the Secretary of War is hereby authorized, empowered, and directed to do everything by him deemed necesssary to suppress and prevent violation thereof.' "

The concluding clause of the act of July 9, 1918, is:

"That all acts or parts of acts inconsistent with the provisions of this act are hereby repealed."

It is so well settled that where a criminal statute is repealed, and the right to prosecute for a prior offense is not saved by the repealing act, such right is extinguished, that a citation of authorities to that effect is unnecessary. This is enough, in my opinion, to show that section 13 of the Revised Statutes has no application to the present case. Moreover, that section was taken from a preceding act, that of February 25, 1871. The Revised Statutes took effect two and more years later—that is to say, December 1, 1873—and by its last section declared:

"The enactment of the said revision is not to affect or repeal any act of Congress passed since the 1st day of December one thousand eight hundred and seventy-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision, and so far as such acts vary from or conflict with any provision contained in said revision, they are

to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith." Comp. St. § 10598.

Here was an express provision, in effect, that all acts passed subsequent to the revision, as well as all acts passed subsequent to December 1, 1873, should have effect "as subsequent statutes, and as repealing any portion of the revision inconsistent therewith."

Besides, March 4, 1909 (35 Stat. 1088), a Penal Code was enacted, entitled "An act to codify, revise, and amend the penal laws of the United States," the preamble of which reads:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the penal laws of the United States be, and they hereby are, codified, revised, and amended, with title, chapters, headnotes, and sections, entitled, numbered, and to read as follows."

Sections 342 and 343 thereof are as follows:

"Sec. 342. The repeal of existing laws or modifications thereof embraced in this title shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause prior to said repeal or modifications, but all liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made.

"Sec. 343. All offenses committed, and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any law embraced in, or changed, modified, or repealed by this title, may be prosecuted and punished in the same manner and with the same effect as if this act had not been passed."

By its terms the Penal Code was made to take effect "on and after the 1st day of January, 1910," and providing, as it does by section 343, that all offenses and all penalties incurred prior to its going into effect "under any law embraced in, or changed, modified, or repealed by this title, may be prosecuted and punished in the same manner and with the same effect as if this act had not been passed," and section 341 of the same Code, repealing as it does, various specified sections of the Revised and other preceding statutes, and "also all other sections and parts of sections of the Revised Statutes and acts and parts of. acts of Congress, in so far as they are embraced within and superseded by this act, are hereby repealed, the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this act had not been passed," it seems to me clear that the provisions of section 13 of the Revised Statutes have no application to the offense here in question, committed, as it was, long subsequent to the going into effect of the Penal Code.

As the act of July 9, 1918, contains no saving clause, I proceed to inquire whether section 13 of the act of May 18, 1917, was repealed by the above-quoted provision of that of July 9, 1918. The latter, as above shown, expressly declares that section 13 of the former act is thereby so amended "as to read as follows." In Sutherland on Statutory Construction (2d Ed.) § 237, it is said of an amendment "so as to read as follows":

"The amendment operates to repeal all of the section amended, not embraced in the amended form. The portions of the amended section which are merely copied without change are not to be considered as repealed and again

enacted, but to have been the law all along, and the new parts or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. The change takes effect prospectively according to the general rule."

And in the succeeding section it is said of a simultaneous repeal and re-enactment:

"Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption where the re-enactment takes effect at the same time. The intention manifested is the same as in an amendment enacted in the form noticed in the preceding section. Offices are not lost, corporate existence is not ended, inchoate statutory rights are not defeated, a statutory power is not taken away, nor pending proceedings or criminal charges affected by such repeal and re-enactment of the law on which they respectively depend."

The Circuit Court of Appeals of the Eighth Circuit, in the case of Great Northern Ry. Co. v. United States, 155 Fed. 945, 84 C. C. A. 93, referred with approval to the foregoing statements of the law by Sutherland, and to the decisions of the Supreme Court in Steamship v. Joliffe, 2 Wall. 450, 458, 17 L. Ed. 805; Murdock v. Memphis, 20 Wall. 590, 617, 22 L. Ed. 429; Bear Lake Irrigation Co. v. Garland, 164 U. S. 1, 11, 17 Sup. Ct. 7, 41 L. Ed. 327; Holden v. Minnesota, 137 U. S. 483, 490, 11 Sup. Ct. 143, 34 L. Ed. 734; Campbell v. California, 200 U. S. 87, 92, 26 Sup. Ct. 182, 50 L. Ed. 382, together with numerous other cases, and said:

"Generally speaking, where a statute is amended 'so as to read as follows,' or is re-enacted with changes, or is in terms repealed and simultaneously re-enacted with changes, the amendatory or re-enacting act becomes a substitute for the original, which then ceases to have the force and effect of an independent enactment; but this does not mean that the original is abrogated for all purposes, or that everything in the later statute is to be regarded as if first enacted therein. On the contrary, the better and prevailing rule is that so much of the original as is repeated in the later statute without substantial change is affirmed and continued in force without interruption, that so much as is omitted is repealed, and that any substantial change in other portions, as also any matter which is entirely new, is operative as new legislation."

Agreeing with these views, and applying those principles to the case now before us, I think it must be held that the law under and by virtue of which the charge against the plaintiff in error was made, and under which the judgment against her was entered, was repealed by the subsequent act of July 9, 1918, for the charge against her constituted a crime only by reason of being a violation of the order made by the Secretary of War, since by the very terms of section 13 of the act of May 18, 1917, for one to enter or reside for any immoral purpose in any house of ill fame, etc., within five miles of any military camp, station, fort, post, cantonment, training, or mobilization place, was made a crime only when done in violation of an order of the Secretary of War and in the event it was not "otherwise punishable under the Articles of War." That provision of section 13 of the act of May 18, 1917, was entirely omitted from the amendatory act of July 9, 1918, which prescribed no penalty for any violation of any order, rule, or regulation of the Secretary of War, but itself ex-

pressly defined certain acts declared to be unlawful and criminal, and punishable under certain specified conditions. It would seem to be clear that the act charged against the plaintiff in error, for the commission of which judgment was given against her, is wholly unaffected by the subsequent statute itself specifically defining and making criminal another offense, even though of the same nature. As said by the Supreme Court in United States v. Tynen, 11 Wall. 88, 95 (20 L. Ed. 153):

"By the repeal the legislative will is expressed that no further proceedings be had under the act repealed. In Norris v. Crocker [13 How. 429, 14 L. Ed. 210] the court said that, as the plaintiff's right to recover in that case depended entirely on the statute, its repeal deprived the court of jurisdiction over the subject. As said by Mr. Justice Taney, in another case, 'The repeal of the law imposing the penalty is of itself a remission.' In the case at bar, when the thirteenth section of the act of 1813 was repealed, there was no offense remaining for the court to punish in virtue of that section."

In my opinion, the judgment should be reversed, and the case remanded to the court below, with directions to dismiss the information —further consideration of the question having convinced me that this court was in error in holding in the case of De Four v. United States, 260 Fed. 596, 599, —— C. C. A. ——, that the Act of July 9, 1918, did not repeal section 13 of that of May 18, 1917.