### BIDDLE, Warden, v. MORENO et al.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1922.)

No. 5922.

I. Conspiracy ⬥51—Imprisonment for two years authorized for conspiracy to violate Volstead Act.

Persons convicted under Penal Code, § 37 (Comp. St. § 10201), of conspiracy to violate the National Prohibition Act, may be punished by sentence of not more than two years in the penitentiary, under Rev. St. §§ 5541, 5542 (Comp. St. §§ 10527, 10528) and Act March 3, 1891, § 9 (Comp. St. § 10560).

2. Customs duties ⬥121—Statute prescribing punishment not repealed.

Rev. St. § 3082 (Comp. St. § 5785), authorizing the imposition of a fine, or imprisonment not exceeding two years, or both, for sale of goods unlawfully imported, is still in force, and was not repealed by the National Prohibition Act.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application by Manuel Moreno and others for writ of habeas corpus, directed against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment discharging the petitioners, the Warden appeals. Reversed.

W. W. Harvey, Asst. U. S. Atty., of Ashland, Kan. (A. F. Williams, U. S. Atty., of Kansas City, Kan., on the brief), for appellant.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. Although the appellees had been convicted on four separate indictments for different offenses, they joined in one application for the writ of habeas corpus, and evidently by consent, at least, so far as the record shows, without objections, they were heard as one petition and thus appealed to this court. The District Court, having discharged the petitioners, this appeal is prosecuted by the warden of the United States penitentiary at Leavenworth, Kan.,

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in which prison they were confined, in pursuance of sentences imposed by the District Court of the United States for the Western District of Texas, upon verdicts of guilty by juries. The petition for the writ of habeas corpus is based solely upon the ground that the indictments in each of the cases charged violations of the National Prohibition Act (41 Stat. 305), generally referred to as the "Volstead Act," and that therefore the District Court was without jurisdiction to impose a sentence of confinement for more than one year and in a penitentiary, as the maximum punishment for violations of that act is six months' imprisonment in a jail, and therefore appellant, warden of the penitentiary, it is claimed, is without right or authority to detain them in prison.

[1] The indictment under which the appellees, Manuel Moreno and Luis Herrero, were tried, found guilty, and sentenced, charged them with a conspiracy, under section 37 of the Penal Code (Comp. St. § 10201), to violate the National Prohibition Act. As that act authorizes, upon conviction, imprisonment for as long as two years, and as the sentence does not exceed that term, the sentence was clearly lawful. As the sentence imposed was for a period longer than one year, confinement in a penitentiary is authorized by sections 5541 and 5542, Rev. St. (sections 10527 and 10528, U. S. Comp. St. 1916), and Act March 3, 1891, c. 529, § 9, 26 St. 840 (section 10560. U. S. Comp. St. 1916). It was therefore error to discharge these two defendants.

[2] Neither of the indictments on which the other appellees were convicted charged violations of the National Prohibition Act, except the first two counts of the indictment on which the appellee Granadas was convicted. But he was also convicted on the third count, which charged, as the indictments against Refugio and Manchaco did, violations of section 3082, Rev. St. (section 5785, U. S. Comp. St. 1916), which authorized the imposition of a fine or imprisonment not exceeding two years or both. That this act is still in force and was not repealed by the National Prohibition Act was decided by this court in Goldberg v. United States (C. C. A.) 277 Fed. 211, in which the opinion was filed October 29, 1921.

The judgment of the District Court discharging the appellees was erroneous, and is reversed.