**STEVENS v. BIDDLE, Warden of U. S. Penitentiary at Leavenworth, Kan.**

(Circuit Court of Appeals, Eighth Circuit. April 15, 1924.)

No. 6233.

1. **Prisons ⟨⟩2—Federal court cannot sentence person to state penitentiary, unless sentence exceeds year.**

   Under Rev. St. §§ 5541, 5546 (Comp. St. §§ 10527, 10547), no person can be sentenced by a United States court to confinement in a state penitentiary, unless the sentence is for more than one year.

2. **Statutes ⟨⟩158—Repeals by implication not favored.**

   Repeals by implication are not favored, and will not be held to exist, if there is any other reasonable construction; it being court's duty to enforce former act, if it can be harmonized with later one.

3. **Criminal law ⟨⟩1218—Sentence to Leavenworth penitentiary authorized, though sentence does not exceed one year.**

   Under Act March 3, 1891 (Comp. St. §§ 10552–10560), a defendant can be sentenced by a federal court to the United States penitentiary at Leavenworth, established by Act June 10, 1896 (Comp. St. § 10562), though period of sentence does not exceed one year, notwithstanding Rev. St. §§ 5541, 5546, 5547 (Comp. St. §§ 10527, 10547, 10548), and Act March 2, 1895 (Comp. St. § 10561), since act of 1895, limiting confinement in such penitentiary to persons sentenced for more than one year, does not repeal act of 1891 by implication, but is limited to persons convicted by court-martial only, and not to those convicted in courts of United States, in view of Rev. St. § 1342 (Comp. St. § 2308a), and Act Sept. 27, 1890.

4. **Statutes ⟨⟩161(1)—Later act not construed to repeal former act, in absence of negative words, unless it covers whole subject of the former act.**

   It is only when the later act covers the whole subject of the former act that it will be construed as repealing the prior act, if later act contains no negative words.

   Munger, District Judge, dissenting.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition for writ of habeas corpus by Charles A. Stevens against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. Writ denied, and petitioner appeals. Affirmed.

Turner W. Bell, of Leavenworth, Kan., for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Kansas City, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before KENYON, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This is an appeal from a judgment denying a petition for a writ of habeas corpus. The facts are:

Two indictments had been returned against the defendant. The first was against the petitioner and certain other persons, charging them with a conspiracy to rob the mails. That indictment contained 3 counts, and was numbered 668. The other, which was numbered 670, contained 15 counts, charging the defendant with various offenses against the postal laws of the United States (violations of sections 189, 193, and 194, Penal Code [Comp. St. §§ 10359, 10363, 10364]). The two

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

indictments were consolidated, and upon a trial the verdict of the jury found him guilty upon 1 of the counts in No. 668, and guilty on all 15 counts under indictment No. 670.

Sentence was postponed on the verdict of guilty in No. 668, and sentence was passed on the 15 counts upon which he was found guilty under indictment No. 670. On the first count he was sentenced to pay a fine of $1,000 and that he be imprisoned in the United States penitentiary at Leavenworth, Kan., for a period of 1 year and 6 months. On counts numbered 2, 3, 4, 5, 6, 7, and 8 he was fined $1,000 on each of said counts, and that he be imprisoned in the same penitentiary for a period of 2 years and 6 months on each count, the sentence of imprisonment on the last-mentioned counts to run concurrently, so that the entire sentence of imprisonment on the counts 2, 3, 4, 5, 6, 7, and 8 shall be 2 years and 6 months, to take effect at the expiration of the sentence imposed on the first count of the indictment. On counts numbered 9, 10, 11, 12, 13, 14, and 15 the sentence was a fine of $500 on each count and that he be imprisoned in the United States penitentiary at Leavenworth, Kan., for a period of 1 year on each of said counts. The judgment then proceeds:

"The sentence of imprisonment on counts numbered 9, 10, 11, 12, 13, 14, and 15 to run accumulatively, so that the entire sentence of imprisonment upon said counts, numbered 9, 10, 11, 12, 13, 14, and 15, shall be 7 years, and shall take effect at the expiration of the sentence imposed on counts 2, 3, 4, 5, 6, 7, and 8."

The warrant of commitment, under which the warden of the penitentiary holds the petitioner, was dated October 6, 1917, and directs that the petitioner be imprisoned in the penitentiary at Leavenworth, Kan., for a period of 11 years and until the fines and costs are paid, although the sentence of the court did not require that the defendant should be confined in prison until the fines and costs are paid.

The ground relied on by appellant is that, having served the sentence of imprisonment imposed under the first 8 counts of the indictment, the further imprisonment on the 7 last counts is illegal and void, because the court did not possess the power to require the several sentences on these counts, which are for one year each, to be executed in the United States penitentiary at Leavenworth, Kan. The contention is that a sentence, for only one year on any one count, although the conviction was on an indictment for a felony, cannot be required to be served in the penitentiary of the United States at Leavenworth, Kan., but can only be served in jail. The authorities principally relied on are In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107, and In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, although others have been cited, which will be referred to hereafter. Both of these cases were decided before any act of Congress had been enacted providing for United States penitentiaries, and at a time when prisoners could only be confined in state prisons. The petitioners in the cases cited were confined in state penitentiaries under the provisions of section 5541, Rev. St. (section 10527, U. S. Comp. St.). That section reads:

"In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the

court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the Legislature of the state for that purpose."

[1] Other provisions of law then in force are: Section 5546, Rev. St. (section 10547, U. S. Comp. St.), which authorizes the court to impose a sentence of imprisonment in a jail or penitentiary in another state or territory, when there is no suitable jail or penitentiary in the district where the conviction occurs. Section 5547, Rev. St. (section 10548, U. S. Comp. St.), authorizes the Attorney General to contract with the proper authorities for the use of such state prisons. Neither of these sections of the Revised Statutes (sections 5541, 5546, and 5547) has been repealed, and prisoners may still be confined in state prisons when authorized by the Attorney General. It is no doubt the settled law that no person can be sentenced by a court of the United States under the provisions of section 5541 or 5546, Rev. St., to be confined in a state penitentiary, unless the sentence is for more than one year. Do these sections, notwithstanding they apply only to confinement in state prisons, apply to the acts of Congress providing for the establishment of the United States penitentiary at Leavenworth, Kan., when the sentence is for imprisonment for one year in that prison?

The first act of Congress relating to federal penitentiaries is the Act of March 3, 1891, 26 Stat. 839 (sections 10552 to 10560, U. S. Comp. St.). The sections of that act, applicable to the issues of law involved in this cause, are: Section 1, after authorizing the purchase of three sites for the erection thereon of suitable buildings, provides that they shall be "for the confinement of all persons convicted of any crime whose term of imprisonment is one year or more at hard labor by any court of the United States, etc." Sections 2 and 3 refer to matters not germane to the issues involved in the instant case. Section 4 provides for the officers to manage the prison. Section 5 provides for the transportation of prisoners. Section 6 for the transportation home of discharged prisoners. Section 7 confinement of juvenile offenders. Section 8 for deductions from term of imprisonment for good conduct. As there was no appropriation made by Congress to carry this act into effect, no action was taken under it until a later time. By the Act of March 2, 1895, 28 Stat. 957 (section 10561, U. S. Comp. St.), the military prison at Fort Leavenworth, Kan., which had been established by the Act of March 3, 1873, 17 Stat. 582, as amended by Act of May 21, 1874, 18 Stat. 48, was transferred from the Department of War to the Department of Justice, "to be used for the confinement of persons convicted in the United States courts of crimes against the United States and sentenced to imprisonment in a penitentiary, or convicted by courts-martial of offenses now punishable by confinement in a penitentiary and sentenced to terms of imprisonment of more than one year," and provided "that the said United States penitentiary shall be carried on in accordance with the provisions of sections 4, 5, 6, 7, 8, and 9 of the act approved March 3, 1891."

By the Act of June 10, 1896, 29 Stat. 380 (Comp. St. § 10562), the Attorney General was authorized to select on the military reservation

at Leavenworth, Kan., within limits described, a site for the erection of a penitentiary and other buildings. A new site of 1,000 acres was accordingly chosen on the reservation, and work was begun on the new penitentiary, and continued until it was partly occupied in 1903, and final transfer of all prisoners was made by February 1, 1906, and the military prison was returned to the War Department. Atty. Gen.'s Report, 1906, p. 43.

[2] Under section 1 of Act of March 3, 1891, persons convicted of any crime, whose term of imprisonment is one year or more at hard labor, were to be confined in the prisons provided for by that act. It is contended that the Act of March 2, 1895, repealed so much of the act of 1891 as provided that prisoners sentenced to imprisonment for one year or more should be confined in that prison. There is nothing in that act repealing, in express language, any part of the act of 1891; therefore, if that provision of the act is to be held as repealed, it must be by implication. It is a well-settled canon of construction that repeals by implication are not favored, and will not be held to exist, if there is any other reasonable construction; and if a former act can be harmonized with a later one, it is the duty of the court to enforce it. As was said in Washington v. Miller, 235 U. S. 422, 428, 35 Sup. Ct. 119, 122 (59 L. Ed. 295):

"Repeals by implication are not favored, and usually occur only in cases of such irreconcilable conflict between an earlier and later statute that effect cannot reasonably be given to both."

In other words, it must not be supposed that the Legislature intended by a later statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and therefore to displace the prior statute.

[3] The language in the act of 1895, "to be used for the confinement of persons convicted in the United States courts of crimes against the United States and sentenced to imprisonment in a penitentiary, or convicted by courts-martial of offenses now punishable by confinement in a penitentiary and sentenced to terms of imprisonment of more than one year," as we construe it, limits confinement in that prison to persons sentenced to terms of imprisonment for more than one year convicted by courts-martial only, and not to those convicted in courts of the United States.

An examination of the statutes relating to military offenders aids in ascertaining the intent of the lawmakers in making provision in the act of 1895 for the place of confinement of persons sentenced by court-martial, which did not apply to those sentenced by the courts. Prior to 1873 there were no federal prisons for the confinement of persons convicted by courts-martial. They had to be imprisoned in barrack prisons or state penitentiaries. Nor was there any statute regulating the punishment of persons convicted by courts-martial, except for some of the most serious crimes, punishable by death. In all other cases the degree of punishment was left to the court-martial. The entire subject was regulated by the Articles of War. Section 1342, Rev. St. (Comp. St. § 2308a). The only provision relating to imprisonment in a penitentiary was article 97 of the Articles of War. This section read:

"No person in the military service shall. under the sentence of a court-martial be punished by confinement in a penitentiary, unless the offense of which he may be convicted would, by some statute of the United States, or by some statute of the state, territory, or district in which such offense may be committed. or by the common law, as the same exists in such state, territory, or district, subject such convict to such punishment."

The Act of September 27, 1890, 26 Stat. 491, amended the Articles of War relative to punishments by courts-martial. This act reads:

"That whenever by any of the Articles of War for the government of the Army the punishment on conviction of any military offense is left to the discretion of the court-martial the punishment therefor shall not, in time of peace, be in excess of a limit which the President may prescribe."

[4] To provide for the confinement of such persons in the Leavenworth penitentiary, the act of 1895 limited it to sentences for more than one year. No doubt, Congress considered the act of 1891 sufficient, so far as it related to those sentenced to imprisonment for one year or more by courts of the United States. The fact that that act provides that the penitentiary shall be carried on in accordance with the provisions of sections 4, 5, 6, 7, 8, and 9 of the act of 1891 only refers to the administration of the prison to be erected under that act, and has no application to the class of persons to be confined there under sentence of a court. Nor does the act of 1895 cover the entire subject of the act of 1891. It is only when the later act covers the whole subject of the former act that it will be construed as repealing the prior act, if the later act contains no negative words. Frost v. Wenie, 157 U. S. 46, 58, 15 Sup. Ct. 532, 39 L. Ed. 614.

Other cases relied on for petitioner are not in point. O'Brien v. McClaughry, 209 Fed. 816, 126 C. C. A. 540, decided by this court, only decided that the Penal Code of 1909 repealed so much of the Act of March 3, 1891, as required the sentence, authorizing imprisonment at Leavenworth prison to be "at hard labor," and did not refer to the term of imprisonment. In Creekmore v. United States, 237 Fed. 743, 150 C. C. A. 497, L. R. A. 1917C, 845, and Biddle v. Moreno (C. C. A.) 279 Fed. 566, the sentences were for more than one year and therefore throw no light on the issue involved in the case at bar.

In Bryant v. United States, 214 Fed. 51, 130 C. C. A. 491, this court only passed on the proper procedure in case of an illegal sentence, without passing on the question whether the sentence for one year in the Leavenworth prison, without adding "at hard labor," was proper. Bryant had been convicted of perjury, and was sentenced to confinement in the penitentiary at Leavenworth, Kan., for the period of one year, without adding "at hard labor," and no fine was imposed. Upon a writ of habeas corpus he was discharged, on the ground that the sentence, having omitted the words "at hard labor," and also a fine, was void, and the court directed the warden to conduct him to the custody of the court in Oklahoma for resentence. The sentence was thereupon corrected by sentencing him "for the term of *one year* at hard labor and a fine of one dollar, the term of imprisonment to begin at the time he commenced serving the defective sentence," and it was held that the writ on the second sentence was properly denied. The learned judge said:

"It is not clear Bryant was injured by the omissions from the first sentence, unless hard labor is a right of which he could not be deprived; nor does it appear that it was not in fact being required of him. * * * He could have had the defects corrected by a direct proceeding for that purpose, which would have enabled the appellate court to regard also the rights of the government. * * * But, instead of adopting that course, Bryant sought by habeas corpus wholly to escape the remainder of his term of imprisonment."

Whether the act of 1895 repeals the one-year provision of the act of 1891, so that those convicted of a felony, as defined by section 335 of the Penal Code (section 10509, U. S. Comp. St.), may be sentenced to imprisonment in the Leavenworth prison for less than one year, is not involved in this appeal, and therefore not determined by this opinion. It was so held by the Circuit Court of Appeals for the Fifth Circuit in Rogers v. Desportes, 268 Fed. 308.

But what was there said applies with great force to the issue involved on this appeal, although the petitioner in that case was sentenced to confinement in the United States penitentiary at Atlanta, Ga. The Atlanta prison was also selected under the act of 1891 and the appropriation for the erection of that prison made by the act of 1899. 30 Stat. 1113. The Appropriation Act of March 3, 1901, 31 Stat. 1185 (section 10563, U. S. Comp. St.), relating to the Atlanta prison, had the same provision as the original act of 1891, relating to the administration of the prison, except that it omitted sections 6 and 7 of the act of 1891, which referred only to the administration of the prison, and in no wise affected section 1 of the act of 1891, or the provisions of the Act of March 2, 1895. The petitioner in that case had been convicted of a violation of the internal revenue laws, relating to the manufacture of distilled spirits (sections 3258, 3281, and 3279, Rev. St. [U. S. Comp. St. §§ 5994, 6021, and 6019]), and sentenced to imprisonment in the Atlanta penitentiary for one year and a fine of $500 and the costs of the prosecution. After a careful review of the acts of Congress relating to the prison system the court held, quoting from the syllabus:

"The power of a federal court to direct imprisonment in the penitentiary at Atlanta of a defendant convicted of a felony held not limited, under the federal prison act of 1891 (Comp. St. §§ 10552–10560), and the act of 1901 (Comp. St. § 10563), as to the Atlanta penitentiary, to cases where hard labor is a part of the sentence imposed, in view of Criminal Code, §§ 335, 338, 341 (Comp. St. §§ 10509, 10512, 10515)."

In the opinion the court said:

"Since the act creating the Atlanta penitentiary deals with the treatment of its own prisoners, the government's power to send convicts there is not to be limited by the special statutory enactments relating to state prisons. The humane treatment accorded to prisoners in this penitentiary, where it is provided that they shall have opportunities for recreation, are being taught useful trades, and otherwise cared for both as to health and moral training, furnishes a strong ground for giving liberal construction to the statutes and laws concerning its establishment and operation. The interests of the government and the welfare of its prisoners both demand that the United States shall not be prevented by unnecessarily restricted construction of custom or statute from using its own instead of state jails and penitentiaries. The effect of such restriction would be to subject unfortunate convicts to the demoralizing conditions that so often exist because of the lack of opportunity to work and to learn useful trades, and because of the unsanitary conditions due to lack of proper buildings which surround so many of the latter institutions.

lt has come to be universally recognized that labor is ennobling and not degrading, and that to deny a prisoner the opportunity of exercise and labor is demoralizing in the extreme. Any idea that hard labor is cruel and unusual punishment has long since been disproved in fact and should be, and now is, denounced in theory. The crime for which the petitioners were convicted is made infamous by statute and not by any sentence imposed within the limitations of the law."

The fact that the Act of March 2, 1895, only refers to the Leavenworth prison, does not in any wise make the Rogers Case less applicable, as in our opinion the part in that act providing for confinement of prisoners, sentenced for more than a year, applies only to those sentenced by courts-martial.

The judgment of the District Court was right and is affirmed.

MUNGER, District Judge (dissenting). I am unable to concur in the conclusion, stated in the above decision, that a sentence of imprisonment for one year can be executed in the United States penitentiary at Leavenworth. I think it gives a meaning to the statutes not intended by Congress. It also has far-reaching results in the administration of the criminal laws in United States courts. By section 335 of the Penal Code felonies are defined as offenses punishable by death or imprisonment for more than one year, and all other offenses are made misdemeanors. If sections 10552 and 10561 of the United States Compiled Statutes authorize imprisonment in the United States penitentiary at Leavenworth, when the sentence imposed by the court is imprisonment for the term of one year, they must authorize the execution of such a term of imprisonment therein in the case of both felonies and misdemeanors, for there is no criterion expressed in these sections of the class of persons convicted in United States courts, who may be confined in that prison, except the length of the term of imprisonment.

There are many misdemeanors for which imprisonment for one year is a permissible maximum punishment. There are 29 sections in the Penal Code alone which define such misdemeanors. An infamous crime is one which the statute authorizes the court to punish by imprisonment in a penitentiary. Ex parte Wilson, 114 U. S. 417, 426, 5 Sup. Ct. 935, 29 L. Ed. 89; In re Mills, 135 U. S. 263, 267, 10 Sup. Ct. 762, 34 L. Ed. 107; In re Claasen, 140 U. S. 200, 205, 11 Sup. Ct. 735, 35 L. Ed. 409; United States v. Moreland, 258 U. S. 433, 441, 42 Sup. Ct. 368, 66 L. Ed. 700, 24 A. L. R. 992. An infamous-crime must be prosecuted by indictment, and not by an information. Mackin v. United States, 117 U. S. 348, 350, 352, 6 Sup. Ct. 777, 29 L. Ed. 909; Ex parte Wilson, 114 U. S. 417, 429, 5 Sup. Ct. 935, 29 L. Ed. 89; Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959. Therefore, under the proposed interpretation of sections 10552 and 10561 of the Compiled Statutes, all misdemeanors are infamous crimes and must be prosecuted by indictment, if the maximum punishment is fixed by the statute at one year, and the prosecution is in a United States court whose sentences to a penitentiary can be executed at the Leavenworth prison. It is the possibility of sentence in a penitentiary under the penal statute that makes a crime infamous, and hence a misdemeanor punishable by a statutory maximum

penalty of a year's imprisonment cannot be made infamous, or the reverse, dependent upon the prosecutor's choice to proceed by indictment or information. In each of the cases of Mackin v. United States, 117 U. S. 348, 354, 6 Sup. Ct. 777, 29 L. Ed. 909, Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959, Ex parte Wilson, 114 U. S. 417, 426, 5 Sup. Ct. 935, 29 L. Ed. 89, and United States v. Petit, 114 U. S. 429, 430, note, 5 Sup. Ct. 1190, 29 L. Ed. 93, an infamous crime was prosecuted under an information. In none of these cases was it held that the information would have authorized a conviction and merely reduced the sentence that the court could have imposed, but in each it was held that the defendant could not, under the provisions of the Fifth Amendment to the Constitution, be held to answer to the charge. I think no such radical change of the long-established law relating to the prosecution and punishment of a misdemeanor was intended by Congress in the enactment of these sections of the statutes relating to the penitentiary at Leavenworth.

The act of Congress providing for the federal prisons was enacted in 1891 and the Penal Code took effect on January 1, 1910. The federal prisons at Leavenworth, Atlanta, and McNeil Island have all been available as places for confinement of prisoners convicted in the United States courts, since 1902. In a long series of decisions, all subsequent to 1902, it has been held by this and other United States courts that a prosecution by information was permissible for offenses against statutes which provided that the punishment might be imprisonment for one year, or was permissible for any misdemeanor. Weeks v. United States, 216 Fed. 292, 132 C. C. A. 436, L. R. A. 1915B, 651, Ann. Cas. 1917C, 524 (certiorari denied 235 U. S. 697, 35 Sup. Ct. 199, 59 L. Ed. 431); Blanc v. United States, 258 Fed. 921, 169 C. C. A. 641; Brown v. United States, 260 Fed. 752, 171 C. C. A. 490; Goublin v. United States, 261 Fed. 5, 171 C. C. A. 601; Pollard v. United States (C. C. A.) 261 Fed. 336 (certiorari denied 252 U. S. 577, 40 Sup. Ct. 344, 64 L. Ed. 725); Robertson v. United States (C. C. A.) 262 Fed. 948; Hunter v. United States (C. C. A.) 272 Fed. 235, 238; Young v. United States (C. C. A.) 272 Fed. 967; Falconi v. United States (C. C. A.) 280 Fed. 766; Cleveland v. Mattingly, 287 Fed. 948, 52 App. D. C. 374; United States v. Illig (D. C.) 288 Fed. 939; Remus v. United States (C. C. A.) 291 Fed. 513. The basis for all of these decisions was the proposition that a sentence of one year cannot be executed in a penitentiary. And finally the Supreme Court of the United States in Brede v. Powers, 263 U. S. 4, 12, 44 Sup. Ct. 8, 68 L. Ed. ——, in a habeas corpus proceeding testing the validity of a conviction under section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), which provides a punishment for the maintenance of a nuisance of the kind there described by a fine or by imprisonment for not more than one year, held that a prosecution by information was proper and expressly stated: "The statute excludes the imposition of hard labor or imprisonment in a penitentiary." None of these decisions are founded upon any expressed distinction between a federal and a state prison, but the courts must have had in mind the existence of the federal prisons and the pos-

sibility of a sentence of imprisonment there, if the statutes authorize imprisonment therein for one year.

I think the proper construction of the words "and sentenced to terms of imprisonment of more than one year," in the portion of the Act of March 2, 1895 (section 10561, Comp. Stats.) transferring the military prison at Ft. Leavenworth to the Department of Justice, which says that that penitentiary is "to be used for the confinement of persons convicted in the United States courts of crimes against the United States and sentenced to imprisonment in a penitentiary, or convicted by courts-martial of offenses now punishable by confinement in a penitentiary and sentenced to terms of imprisonment of more than one year," when considered in connection with section 5541, Revised Statutes, is to apply them distributively to both the civil and military prisoners. There is no reason for discrimination between the two classes of prisoners. It has long been the general rule that one in the military service could not be sentenced to a penitentiary by a court-martial unless the offense of which he was convicted would have been punishable by imprisonment in a penitentiary by some statute of the United States, or of the state, territory, or district where it was committed, or by the common law. Act July 16, 1862, 12 Stat. 589, §§ 1, 4; Rev. Stats. § 1342, art. 97, Articles of War; Act March 4, 1915, Comp. Stats. § 2458a. Congress could not have intended to prefer prisoners of this type over those convicted in United States courts.

A study of the acts of Congress which have provided for places of imprisonment for those convicted of crimes against the United States is quite convincing that the purpose has been long maintained that the penitentiaries, either state or national, were only to be used for imprisonment if a sentence was for a period over one year. An apparent exception to this policy was stated in section 1 of the Act of March 3, 1891, providing for the selection of sites for three United States prisons, but no appropriation was made to carry that section into force. No action was taken under it, and it was regarded as inoperative. See Annual Reports of Atty. Gen. 1891 to 1897, inclusive. In the meantime Congress itself selected a prison by this Act of March 2, 1895 (section 10561, Comp. Stats.), and in that act provided that it was to be carried on in accordance with sections 4, 5, 6, 7, 8, and 9 of the Act of March 3, 1891. By the rule, "expressio unius est exclusio alterius," this was a refusal to make applicable to the penitentiary at Leavenworth any portion of section 1 of the Act of March 3, 1891.

This construction of the statute in question maintains the obvious purpose of Congress to make only felonies punishable by imprisonment in a penitentiary, and to require an indictment only in the case of felonies. The other construction leads to some anomalous results. The Attorney General is given the general right by statute to select the prisons to which prisoners convicted in United States courts shall be committed. If he designates some state prison as the place of confinement for prisoners convicted in the State of New York, then, under the decision in the cases of In re Mills, 135 U. S. 263, 270, 10 Sup. Ct. 762, 34 L. Ed. 107, and In re Bonner, 151 U. S. 242, 255, 14 Sup. Ct. 323, 38 L. Ed. 149, a sentence of one year's imprisonment for a

misdemeanor could not be executed in the penitentiary, and the charge could be prosecuted by an information. If he designates the United States penitentiary at Leavenworth as a place of confinement for prisoners convicted in New Jersey, the same kind of an offense must be prosecuted by indictment, and a sentence of a year of imprisonment could be executed in a penitentiary. Congress could not have intended that an offense, such as the maintenance of a nuisance contrary to the provisions of section 21 of the National Prohibition Act, should be, at the option of the Attorney General, an infamous crime requiring an indictment by a grand jury and punishable in a penitentiary, when committed in one state, and a minor misdemeanor, that could be prosecuted by information, and punishable only by imprisonment in a jail, when committed in another state.

There is nothing in the language of section 5541 of the Revised Statutes (section 10527, Comp. Stats.) that limits its application to sentences to be executed in state prisons, and a proper construction of this section, when read together with section 1 of the Act of March 2, 1895 (Comp. Stats. § 10561), relating to the United States penitentiary at Leavenworth, requires that no person convicted in a United States court of a crime against the United States shall be sentenced to imprisonment in that penitentiary, unless the term of sentence exceeds one year, or the statute requires imprisonment in a penitentiary; and this has been the effect of the decisions in a number of cases under this and similar statutes. Mitchell v. United States, 196 Fed. 874, 876, 116 C. C. A. 436; Braden v. United States (C. C. A.) 270 Fed. 441, 444; Biddle v. Moreno (C. C. A.) 279 Fed. 566, 567.

I think the judgment should be reversed, with direction to the District Court to discharge the prisoner from the respondent's custody, but with the right to delay the discharge for a reasonable time in which the United States might take lawful measures to have the petitioner resentenced in accordance with law upon the verdict against him under counts 9, 10, 11, 12, 13, 14, and 15 of the indictment.