## WHITAKER v. BIDDLE, Warden.

(District Court, D. Kansas. January 5, 1926.)

Criminal law ⟨key⟩1218 — Violator of National Motor Vehicle Theft Act may be sentenced to federal penitentiary outside district in which stolen vehicle was transported.

National Motor Vehicle Theft Act, § 5 (Comp. St. Ann. Supp. 1923, § 10418f), providing that violators "may be punished in any district in or through which such motor vehicle has been transported or removed," does not restrict or revoke power of District Courts, under Comp. St. §§ 10552, 10561, to sentence persons convicted of crimes against United States to federal penitentiary, though located outside such district.

Habeas Corpus. Petition by Norman T. Whitaker for writ directed to W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. Writ denied, and petition dismissed.

Norman T. Whitaker, of Washington, D. C., in pro. per.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for respondent.

SANBORN, Circuit Judge. Norman T. Whitaker was tried, convicted, and sentenced by the United States District Court for the Southern District of California to imprisonment in the federal penitentiary at Leavenworth for the term of two years for the transportation in interstate commerce from the city of Ocean City, in the state of New Jersey, to the city of Los Angeles, Cal., of a stolen motor vehicle, knowing it to have been stolen and not to have been his property, in violation of the Act of October 29, 1919, to punish for the transportation of stolen motor vehicles in interstate or foreign commerce. 41 Stat. c. 89, p. 325 (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f). He has been committed to the penitentiary under his sentence and is there confined. He has presented a petition for a writ of habeas corpus for his discharge. An order to show cause why the writ should not issue has been served on the warden, who has made return, and the petitioner and the respondent have submitted briefs, which have been read and thoughtfully considered.

Section 4 of the National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, § 10418e) provides that any one who violates it "shall be punished by a fine of not more than $5,000 or by imprisonment of not more than five years, or both."

Section 5 (Comp. St. Ann. Supp. § 10418f) reads: "That any person violating this act may be punished in any district in or through which such motor vehicle has been transported or removed by such offender."

The contention on which the petitioner relies for his discharge is that this section 5 rejected or restricted the jurisdiction of the United States District Court to punish him by imprisonment under the act in any other place than a "district in or through which such motor vehicle was transported or removed by such offender," and it was not

transported or removed in the district of Kansas.

Before and at the time when the National Motor Vehicle Theft Act was passed, the District Court which tried the petitioner and the other District Courts of the United States had plenary power to sentence to confinement in a federal penitentiary persons convicted of crimes against the United States, the terms of whose imprisonment were one year or more. U. S. Compiled Statutes, §§ 10552, 10561; Stevens v. Biddle (C. C. A.) 298 F. 209, 214. This Motor Vehicle Theft Act contains no revocation of this general power; no express declaration that the District Courts were forbidden to exercise it in the punishment of offenders thereunder; no clear declaration that they should not exercise it in such cases; nothing on this subject but the mere permission to them to punish violators of it in any district in or through which such stolen motor vehicle has been transported or removed by the offender. This sounds more like a grant of power, or a permission to exercise power, than a restriction or revocation of power existing, and the arguments presented and authorities cited have failed to convince that the sentence of the petitioner to confinement in the federal penitentiary at Leavenworth was beyond the jurisdiction of the District Court which tried him.

The petition for the writ of habeas corpus must therefore be denied, the motion of the respondent to dismiss it must be granted, and all the other motions of the parties in this case will be denied.