## BREDE *v.* POWERS, UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF NEW YORK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 45. Argued October 4, 1923.—Decided October 22, 1923.

1. The sections of the Revised Statutes governing the places in which sentences of imprisonment for crime may be executed are *in pari materia* and should be construed together. P. 11.
2. The power of the District Court to sentence to imprisonment in another State, in a penal institution designated by the Attorney General under Rev. Stats., § 5546, is not confined to cases in which the imprisonment is for more than a year or at hard labor (§§ 5541, 5542,) but exists also where the sentence is for imprisonment merely, for a year or less. *Id.*
3. Under § 21 of Title II of the National Prohibition Act, which declares any building, boat, vehicle, place, etc., where intoxicating liquor is manufactured, sold, kept, or bartered in violation of that title, to be a common nuisance, and provides that any person maintaining such nuisance shall be guilty of a misdemeanor and punishable by fine of not more than $1,000, or imprisonment for not more than one year, or both, the imprisonment imposed cannot be at hard labor or in a penitentiary; and, the offense, not being infamous, may be prosecuted by information. P. 12.
4. A law of New Jersey (1917, c. 271,) authorizing the board of chosen freeholders of any county to " cause to be employed " within the county any or all prisoners in any county jail, *construed* as not contemplating the requirement of labor as a punishment. P. 13.

279 Fed. 147, affirmed.

APPEAL from an order of the District Court for the Eastern District of New York discharging a writ of *habeas corpus* which had been sued out by the appellant to try the constitutionality of his sentence and commitment by that court to the Essex County Jail, New Jersey—a place designated by the Attorney General pursuant to Rev. Stats., § 5546. The sentence was based upon a conviction under an information which charged a violation of § 21 of Title II of the National Prohibition Act, 41 Stat. 314.

*Mr. Otho S. Bowling,* with whom *Mr. Robert H. Elder* was on the briefs, for appellant.

The order appealed from is erroneous for the reason that appellant was convicted of an infamous crime, that is, a crime for punishment of which the court had power to subject him to an infamous punishment, namely, imprisonment at hard labor, and since there was no indictment or presentment by grand jury, but prosecution on a mere information, the judgment of conviction was void and the writ of *habeas corpus* should have been sustained.

1. If the crime was infamous, a trial upon a mere information could not give the court jurisdiction, the judgment was void, and subject to collateral attack by *habeas corpus*.

2. An infamous crime is one that carries an infamous punishment; the test does not depend upon the punishment that ultimately happens to be inflicted, but upon the punishment the court has power to inflict. *Ex parte Wilson,* 114 U. S. 417; *Ex parte Bain,* 121 U. S. 1; *Parkinson* v. *United States,* 121 U. S. 281; *In re Claasen,* 140 U. S. 200.

Imprisonment at hard labor is an infamous punishment. *Ex parte Wilson, supra; Wong Wing* v. *United States,* 163 U. S. 228; *United States* v. *Moreland,* 258 U. S. 433. This is just as true of imprisonment at hard labor in an

institution maintained for punishment of minor offenders, such as a house of correction, workhouse, or bridewell, as it is of similar imprisonment in an institution maintained for more serious offenders, such as a state prison or penitentiary. *United States* v. *Moreland, supra.*

3. Although the court attempted to sentence appellant to imprisonment in a penal institution in the State of New Jersey, it had no power to do so, and that part of the judgment which specifies such place of imprisonment is void. The court did, however, have power to sentence appellant to imprisonment in a penal institution in the State of New York. Under the New York law, which by federal statute is made applicable to the discipline of federal prisoners in such institutions, imprisonment therein is imprisonment at hard labor.

4. It has been held that Rev. Stats., § 5564, "may be treated as a proviso to §§ 5541 and 5542." *In re Karstendick,* 93 U. S. 396, 401. It has been decided further that §§ 5541 and 5542 define the only instances in which a United States court can sentence a prisoner to confinement in a "state jail or penitentiary" within the State, that is, when the statute requires hard labor as part of the punishment or when the imprisonment is for more than a year, and that, therefore, when the sentence is in terms to imprisonment merely, for a year or less, the court has no power to sentence the prisoner "to a suitable jail or penitentiary in a convenient State . . . designated by the Attorney General." *In re Mills,* 135 U. S. 263; *In re Bonner,* 151 U. S. 242.

This is the only statute which permits a prisoner to be sent out of the State (save when imprisonment is to be "one year or more at hard labor" when it may be to a federal prison, 26 Stat. 839); and, except where some statute otherwise provides, the jurisdiction of the United States District Courts is limited to their territory. *Toland* v. *Sprague,* 12 Pet. 300, 328; *Hernden* v. *Ridgway,* 17 How. 423; 14 Ops. Atty. Gen. 522.

Therefore, unless *In re Mills* and *In re Bonner* are to be overruled, it follows that so much of the judgment as pretends to designate an institution in the State of New Jersey as the place of imprisonment is void, as being beyond the power of the court.

To what place did the court have power to sentence appellant? Under Rev. Stats. § 5548, it had the power to sentence him to any "house of correction or house of reformation for juvenile delinquents within the State," providing the state legislature had so authorized (this statute does not apply to juvenile offenders; they are provided for by § 5549), or under §§ 5537–5538, to any other place within the State for which the marshal might make provision, except, of course, that under the decisions in the *Mills* and *Bonner Cases* it would have to be some place other than the "state jail or penitentiary."

5. A sentence to any penal institution in the State of New York is a sentence to hard labor. U. S. Rev. Stats., § 5539; *Ponzi* v. *Fessenden,* 258 U. S. 254; 8 Ops. Atty. Gen. 289, 291; Act February 23, 1887, c. 213, § 1, 24 Stat. 411; New York Prison Law, c. 47, Laws 1909, §§ 157, 158, 171; New York County Law, c. 16, Laws 1909, §§ 96, 93; New York City Charter, c. 466, Laws 1901, §§ 697, 700, 702; *People ex rel. Gainance* v. *Platt,* 148 App. Div. 579; *United States* v. *Pridgeon,* 153 U. S. 48.

6. We conclude, therefore, that since the court had power to sentence appellant to certain penal institutions of the State of New York, all of which require hard labor as part of the discipline which would have been required of appellant not only because of the statutes of the State which expressly so provide, but because of the comity between State and United States, of which Rev. Stats., § 5539, is an expression,—a comity limited only by the prohibition against contracting or hiring the labor of the prisoner, and which requires that the United States should not attempt to interfere in the management of the insti-

tutions of the State,—the court had power to sentence appellant to a term at hard labor, which is an infamous punishment, which may not be inflicted except after indictment or presentment by grand jury.

7. A sentence to imprisonment in the County Jail of Essex County, would be a sentence to hard labor. Chapter 271 of the Laws of 1917 of New Jersey provides: "The board of chosen freeholders of any county in this State may cause to be employed within such county any and all prisoners in any county jail under sentence, or committed for non-payment of a fine and costs, or committed in default of bond for non-support of the family."

The labor at which appellant would be "employed" would be "hard labor," because it would be involuntary servitude, irrespective of whether it happened to be physically arduous or easy. Bouvier Law Dict., "Hard Labor"; *United States* v. *Moreland,* 258 U. S. 433, 444, (dissent); *Ex parte Wilson,* 114 U. S. 417, 428. Moreover, there seems to be no restriction as to the kind of labor the "freeholders" or the "master" can select. The statute gives them free rein. They can make it just as "hard," using the word in its ordinary sense, as they choose, and, as already noted, the test is not what is likely to be done, but what may be done.

8. Any crime punishable by imprisonment is infamous. An infamous crime is one, conviction of which is supposed *ipso facto* to destroy one's good name. Therefore, accusation of it implies damage, and special damage need not be averred or proved. In the opinions of the people, it has long been considered that a crime punishable directly by imprisonment, (not in default of the payment of a fine,) in any sort of criminal jail or prison, is "infamous." Only offenses that are punishable by fine are not infamous. Odgers on Libel and Slander, 5th ed., 38–43.

*Mr. Solicitor General Beck* and *Mrs. Mabel Walker Willebrandt,* Assistant Attorney General, appeared for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the Court.

Dismissal of a writ of *habeas corpus* is assailed by this appeal. It was issued to review the legality of a conviction upon information and a sentence of imprisonment upon it. In detail of the grounds and justification of it, the charge of the petition is that appellant was proceeded against in the District Court upon an information charging him with a violation of § 21, Title II, of the Act of Congress of October 28, 1919, c. 85, 41 Stat. 305, 314, the National Prohibition Act, and convicted on the 17th day of June, 1920, and sentenced to pay a fine of $500.00, and be imprisoned for sixty days. In execution of the sentence it is alleged that he was committed to the custody of the appellee, he being the United States marshal for the Eastern District of New York.

The further allegation of the petition is that the court "never acquired jurisdiction of the pretended criminal action upon which, in form, it tried and condemned" him, " for the reason that the crime of which " he " was charged and for which said Court sought to try and condemn " him " is an infamous crime within the meaning of the Fifth Amendment to the Constitution of the United States and no presentment or indictment of a Grand Jury charging same, was ever filed or presented."

After hearing, the writ was discharged and appellant was remanded to the custody of the marshal to serve his sentence under the commitment, which was to the county jail of Essex County, New Jersey.

Is the contention of appellant justified in that his was a conviction and commitment of an infamous crime? It is upon this contention that his petition rests.

It has been decided that a crime takes on the quality of infamy if it be one punishable by imprisonment at hard labor or in a penitentiary, and must be proceeded against upon presentment or indictment of a grand jury. *Ex parte Wilson,* 114 U. S. 417; *Mackin* v. *United States,* 117 U. S. 348; *United States* v. *Moreland,* 258 U. S. 433. And such is the quality of the crime and the procedure against it if the statute authorizes the court to condemn to such punishment. See also *In re Bonner,* 151 U. S. 242; *In re Mills,* 135 U. S. 263.

Or, to put it as counsel puts it, "The construction of the Fifth Amendment to the Constitution is this: An infamous crime is one that carries infamous punishment; the test does not depend upon the punishment that ultimately happens to be inflicted, but upon the punishment the court *has power* to inflict."

To show the pertinence of the test and its adaptation to the case, it is the contention of the appellant that the court had power, and only power, to sentence him to imprisonment in a penal institution of New York, and that by the law of the State, by federal statute made applicable to federal prisoners therein, imprisonment is at hard labor.

The argument by which the contention is attempted to be sustained is somewhat strained. It rests upon the power the statutes give to the courts to specify the places of imprisonment, which began, it is said, in 1789. By a resolution then passed, the state legislatures were recommended to receive and keep prisoners committed under the authority of the United States "under the like penalties as in the case of prisoners committed under the authority of such States respectively. . . ." 1 Stat. 96.

The purpose thus expressed was in substance repeated subsequently, and §§ 5537 and 5538, Rev. Stats., reproducing a resolution adopted in 1821 (3 Stat. 646), §§ 5542 and 5548, reproducing 4 Stat. 118, and 4 Stat. 777, are

cited. Sections 5546 and 5541 are also cited, they having their origin in 13 Stat. 74, and 500.

It is provided in §§ 5537 and 5538 that, where a State does not allow the use of its jails to United States prisoners, the marshal under direction of the court may hire or procure a temporary jail, and that the marshal shall make provisions for the safe keeping of prisoners until permanent provision for that purpose is made by law.

By § 5542, where the sentence is imprisonment to hard labor, the court may direct its execution " within the district or State where such court is held."

Section 5548 provides that where punishment for an offense is by fine or imprisonment it may be executed in any house of correction or house of reformation for juvenile delinquents " within the State or district where" such court is held.

Section 5546 provides that the place of imprisonment, where there may be no penitentiary or jail suitable for the confinement of convicts or available therefor, may be in some suitable jail or penitentiary in a convenient State or Territory to be designated by the Attorney General. And power to change is given to the Attorney General.

The provisions of these sections seem adaptive to all imprisonments and to all grades of crime. In other words, have an adaptive and harmonious relation, and such relation they were declared to have in *In re Karsten-dick,* 93 U. S. 396. Appellant, however, contends that § 5546 may be treated as a proviso of §§ 5541 and 5542, and that the latter sections " define the only instances in which a United States court can sentence a prisoner to confinement in a ' state jail or penitentiary ' within the State, that is, when the statute requires hard labor as part of the punishment or when the imprisonment is for more than a year, and that, therefore, when the sentence is in terms to imprisonment merely, for a year or less,

the court has no power to sentence the prisoner 'to a suitable jail or penitentiary in a convenient State . . . designated by the Attorney General.' "

We are not impressed with the contention. The reasoning to sustain it is that Congress " could give District Courts the power to sentence short-term convicts to institutions beyond the limits of their ordinary jurisdiction, but it hasn't." And further, " although Congress was willing, when the facts justified, that a long-termer should be sent beyond the borders of his State, they were unwilling that a short-termer should be so dealt with."

The reasoning does not convince us. We prefer, and accept, the clear and direct power given to the Attorney General (§ 5546), and there is nothing in *In re Mills* and *In re Bonner* that militates against it.

*In re Mills* decided that when a statute does not require imprisonment in a penitentiary, a sentence cannot impose it unless the sentence is for a period longer than one year. *In re Bonner* is to the same effect. In other words, the sentences cannot transcend those of the statutes. In both cases the sentences were convictions upon indictments. They are authorities against, not for, the appellant. His contention changes the penalty of the statute and therefore repels. The statute provides that, for the offense here charged, the offender shall be fined not more than $1,000 or imprisoned not exceeding one year, or both. (§ 21.) Where the charge is selling, as in the *Wyman Case, post,* 14, the punishment, for the first offense, is a fine not more than $1,000, and imprisonment not exceeding six months. National Prohibition Act, § 29, 41 Stat. 316.

The statute excludes the imposition of hard labor or imprisonment in a penitentiary. Under the contention of appellant both would be imposed. Imprisonment must be, is the assertion, in a New York penitentiary, and at hard labor, the latter conseauence because of the

Appellant, while particularly insistent upon the New York law and the absence of power to imprison elsewhere than in a New York institution, however, contends that the imprisonment in the Essex County jail is at hard labor because the conduct or discipline of that jail requires or permits the imposition of hard labor, and thereby constitutes the crime infamous. If that can be so held it gives the court power to transcend the statute which, as we have said, does not include hard labor in its punishment. But such peremptory requirement cannot be assigned to the New Jersey law—neither employment at hard labor nor any labor. The law is made adaptive to circumstances, made so by committing its administration to the judgment of the freeholders of the county, and it is limited to prescribing suitable employment of prisoners to accomplish the purpose of the law. Laws of New Jersey of 1917, page 888. The law gives no indication that the employment is or may be prescribed as punishment. It proceeds along other lines.

It follows that the sentence of the court was not intended to be and could not have been to imprisonment at hard labor.

We find no error in the decision of the court in discharging the writ and its action is

*Affirmed.*

MR. JUSTICE MCREYNOLDS and MR. JUSTICE BRANDEIS concur in the result.