**HAUSSENER v. UNITED STATES.**

**SELLERS v. SAME.**

(Circuit Court of Appeals, Eighth Circuit. March 27, 1925.)

Nos. 6805, 6806.

1. **Indictment and Information** ⊂⇒202(8)—**In absence of attack, except in assignments of error, duplicity cured by verdict.**

Any duplicity in information, not attacked by motion to quash or to elect, or at all, except in assignments of error, was cured by verdict.

2. **Intoxicating liquors** ⊂⇒219—**Under Prohibition Act, information need not name persons to whom sales were made.**

Under provisions of National Prohibition Act, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), it is unnecessary for information to set out names of persons to whom sales were made.

3. **Criminal law** ⊂⇒1032(5)—**No error as to information, not attacked in trial court, though statute authorizing omission of allegation be unconstitutional.**

Even if National Prohibition Act, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), in providing that information need not set out names of persons to whom sales were made, be unconstitutional, there was no error in respect to an information omitting such allegation; it not having been attacked in the trial court.

**4. Criminal law ⬤⟿1030(2)—Constitutionality of a statute authorizing omission of allegation from information, which would be cured by verdict, not considered, when questioned for first time on error.**

Though constitutionality of a statute creating the offense on which conviction was bottomed would be considered, though the question is raised for the first time on error, not so the constitutionality of a statute authorizing omission of an allegation from information, which would be cured by verdict without the statute.

**5. Indictment and information ⬤⟿202(6) — Omission of names of persons to whom sales were made cured by verdict.**

Information omitting names of persons to whom sales were made would be good after verdict, without National Prohibition Act, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), authorizing the omission.

**6. Jury ⬤⟿95—Competent, though having sat in other liquor cases in which same government agents were witnesses, and formed an opinion as to their credibility.**

Jurors were competent to sit in a liquor case, though they had sat in other liquor cases against other persons, in which the same government agents were witnesses, and had formed a certain opinion as to their credibility; they on their voir dire stating that they could try the case fairly.

**7. Jury ⬤⟿118—Challenge to array "for cause" insufficient.**

A challenge to the array in terms "for cause" is insufficient.

**8. Criminal law ⬤⟿1036(2)—Exception necessary for review, where guilt clear under evidence.**

Defendant's guilt being clear from the evidence, exception to ruling denying further cross-examination is necessary for review.

**9. Criminal law ⬤⟿1119(2)—Refusing further cross-examination not affirmatively shown harmful, in absence of answer.**

Where the court is left in doubt as to what would have been the answer to question asked government witness on cross-examination for purpose of impeachment, any error in sustaining objection does not affirmatively appear harmful, as is necessary, in view of Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), providing for disregarding technical errors not affecting substantial rights.

**10. Witnesses ⬤⟿337(6) — Cross-examination as to prior conviction of violation of National Prohibition Act not permissible.**

A first violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) being neither a felony nor an infamous crime, cross-examination of a defendant touching his prior conviction of such offense is not permissible to impeach his credibility.

**11. Criminal law ⬤⟿1170½(5)—Error in allowing cross-examination of defendant to impeach credibility held to require reversal.**

Error in allowing defendant to be cross-examined as to prior conviction for first violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for purpose of impeaching his credibility, held to require reversal.

**12. Criminal law ⬤⟿1186(4) — Reversal held not warranted by erroneous cross-examination of codefendant to impeach credibility.**

Defendant H. having given no testimony bearing on the case of his codefendant S., error in permitting cross-examination of H. as to a prior conviction, to impeach his credibility, held not hurtful to S. to a degree warranting reversal as to her, under Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

**13. Criminal law ⬤⟿1216(2) — Sentences on different counts held to run concurrently, and not consecutively.**

Sentences for six months' imprisonment on each of three counts, "said sentences of imprisonment to run consecutively," held to be for imprisonment for a term of six months only.

In Error to the District Court of the United States for the District of Nebraska; John F. McGee, Judge.

John Haussener and Louise Sellers were convicted of violations of the National Prohibition Act, and separately bring error. Affirmed as to Sellers; reversed and remanded for new trial as to Haussener.

Raymond T. Coffey, of Omaha, Neb., for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Andrew C. Scott, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

Before LEWIS, Circuit Judge, and VAN VALKENBURGH and FARIS, District Judges.

FARIS, District Judge. Plaintiffs in error were jointly informed against, and jointly tried and convicted on three counts of an information, charging them with three several unlawful sales of intoxicating liquor. They bring up these convictions for review, upon separate writs of error. Since all of the points urged for reversal, save one, are common to both cases, and are presented in a single brief, these writs of error may, for convenience, be disposed of by a single opinion. With commendable forbearance, and with due regard to the labors of an already over-burdened court, defendants assign only 42 errors. These they further reduce by classification to six contentions, which we are warranted, therefore, in considering as all of the errors on which they purpose to rely.

Briefly stated, these errors are: (a) That the information is insufficient and fatally

bad; (b) that the panel of trial jurors had sat in the trial of prosecutions against others than defendants, wherein the witnesses for the government here had been witnesses, and that some of such jurors, upon their voir dire examination, said that they had formed an opinion as to the credibility of such witnesses from hearing them testify in other cases; (c) that there was no sufficient evidence as to the percentage of alcohol and fitness for beverage purposes of the liquid or liquids involved; (d) that impeaching evidence as to one Banner, a witness for the government, was improperly excluded; (e) and that defendant Haussener was improperly cross-examined by the government as to certain prior convictions. Eliminating duplications in the assignment, the errors assigned are further reduced to the five set forth above.

[1] Counts 1 and 2 charge the sale of intoxicating liquor, without naming the sort of liquor sold, as also the sale of alcohol. Count 3 charges' the sale of alcohol only; neither count alleges the name of the person to whom such sales were made. Counts 1 and 2, technically considered, may possibly be duplicitous; but since no attack was made upon the information by demurrer, or motion to quash, or even by a motion to elect, or at all, except in the assignment of errors, the duplicity therein was cured by the verdict. State v. Nieuhaus, 217 Mo. 332, 117 S. W. 73.

[2-5] The failure of these counts to set out the names of the persons to whom such sales were made is cured by the provisions of section 32 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s), which provides, in substance, that it shall not be necessary to set out in the information the name of the purchaser of the liquor, and further provides that the defendant may, on motion and application therefor, procure a bill of particulars. If so it be that, in the light of these provisions, section 32 is, as now contended, obnoxious to the federal Constitution, such contention ought to have been timely made. It was never made till the filing of the assignment of errors, and for the first time appears in the case in that document. In such situation it cannot be said that, if such lack of allegation of the name of the vendee constitute error, it is an error of the trial court, because the trial court was never called on to rule on it, and has never ruled on it. Serra v. Mortiga, 204 U. S. 470, 27 S. Ct. 343, 51 L. Ed. 571.

Courts do not travel afield in order to rule upon the alleged constitutional invalidity of a statute, such as that here involved. The constitutional question here urged is merely incidental to the actual point in the case. Courts will, of course, notice and decide questions involving the constitutional validity of a statute which creates the offense on which a conviction is bottomed, even when such questions are raised for the first time on writ of error. But no such situation is presented here; for the information here attacked would be good after verdict, even if section 32, supra, had never been enacted. Serra v. Mortiga, supra. We conclude that there is nothing in this contention, and are of opinion that it should be disallowed.

[6, 7] Five jurors who sat in this case had theretofore sat in other cases, against other persons, charged with some violation of the Volstead Act, wherein one or both of the government prohibition agents testifying in this case had also been witnesses. Touching the qualifications of these jurors it developed upon their voir dire examination that some of them had formed and still had a certain opinion as to the credibility of these prohibition agents; but these jurors said, in substance, that they could try the case in the same fair state of mind as they could have done if these witnesses had been strangers, and if they had never heard them testifying in other cases.

The situation thus presented is novel and anomalous, and it is too plain for argument that no such procedure ought to be held reversible error, unless in the presence of an examination which shows that the attitude of the jurors is such as to preclude a fair and impartial trial, beyond cavil or question. This is so, because in the very nature of the situation practically all prosecutions for violations of the Volstead Act (Comp. St. Ann. Supp. 1923, §§ 10138¼ et seq.) must be bottomed upon the testimony of prohibition agents. If, when one case has been tried, the entire panel of jurors sitting therein is disqualified from sitting as jurors in every other case of a similar sort, trial courts will be so far impeded in the transaction of their business as to make the enforcement of this act difficult, if not impossible. Such practice as was here resorted to, should be discouraged.

We are not saying that, if the jurors had by their answers disclosed a state of opinion that would have prevented a fair and impartial trial, or an unprejudiced consideration of all of the evidence offered, that they would have been competent jurors; but it will be observed that no such state of mind

is shown by the voir dire examination. The ingrafting into the criminal procedure of a novel practice like that here disclosed ought not be permitted, except in the face of a situation clearly showing the bias, prejudice, and lack of impartiality of the juror. In this the record fails. Moreover, the only challenge was: "Defendants challenge this whole array of this jury, as impaneled, for cause." This was not a sufficient challenge to the array, and this point is not well taken, for either and both of the above reasons. State v. Hottman, 196 Mo. 110, 94 S. W. 237; State v. Taylor, 134 Mo. 109, 35 S. W. 92; State v. Miles, 199 Mo. 530, 98 S. W. 25.

It is plain from a reading of the record that there is no merit in the contention that the evidence was not sufficient to prove the guilt of the defendants. The evidence offered, if believed by the jury, and the result is conclusive that it was so believed, was entirely sufficient to prove the guilt of defendant Louise Sellers. The question as to the sufficiency touching defendant Haussener is not material in our opinion, because for another reason hereafter referred to, the case as to Haussener must be reversed.

[8, 9] We think there was no error in refusing to permit the defendants to further cross-examine a witness for the government as to certain alleged immoral acts. This witness was asked if he had not testified that he had rented a room from one Hunter. He answered that he had not. He was then asked if he had not rented such room from Hunter and was living thereat with a prostitute. To this an objection was sustained, but no exception was taken; defendant's guilt is clear from the evidence, and the point, therefore, need be pursued no further. Smith v. United States (C. C. A.) 267 F. 665. This court is left in doubt, moreover, as to what the answer of the witness would have been. In the light of the provisions of Act Feb. 26, 1919, (40 Stat. 1181 [Comp. St. Ann. Supp. 1919, § 1246]), it must affirmatively appear that the error, if there was one, was harmful.

[10, 11] It is also contended, as to defendant Haussener, who testified wholly for himself, and who gave no testimony of any weight and value whatever as to his codefendant Sellers, that the trial court permitted him to be questioned by the government as to his prior convictions of violations of the Volstead Act, as also of a violation of a city ordinance. State v. Mills, 272 Mo. 526,

199 S. W. 131. This contention is borne out fully by the record. The cross-examination of Haussener went far beyond the well-established legal limits of the rule (Williams v. U. S, [C. C. A.] 3 F.[2d] 129), and for this transgression, we are of the view that the case of Haussener must be reversed. This conclusion seems inevitable, if we are to follow the cases and the logic thereof. Glover v. United States, 147 F. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184; Neal v. United States (C. C. A.) 1 F.(2d) loc. cit. 639; Williams v. United States, supra. For if so it be, as the cases in this circuit hold, that the prior conviction about which inquiry of a defendant in cross-examination is permitted, in order to affect his credibility, must be either of a felony or other infamous crime (Glover v. United States, supra; Neal v. U. S., supra), then the ruling fairly deducible from the case of Brede v. Powers, 263 U. S. 4, 44 S. Ct. 8, 68 L. Ed. 132, is that a first violation of the National Prohibition Act is not an infamous crime. Clearly such offense is not a felony, and so, the Supreme Court having held in the Brede Case, supra, that it is not an infamous crime, it follows that cross-examination of a defendant touching his prior conviction of such offense is not permissible in order to impeach his credibility as a witness.

[12] But since Haussener gave no testimony which in any respect bore upon the case of Sellers, we think this error was not hurtful to Sellers, to a degree warranting reversal also as to her. Act Feb. 26, 1919, 40 Stat. 1181.

[13] In the case of Sellers, the sentences were for six months imprisonment in jail on each of the three counts, "said sentences of imprisonment to run consecutively." It will be noted, therefore, that the infirmity which this court pointed out in a similar sentence in the case of Daugherty v. United States, 2 F.(2d) 691, inheres in the sentence pronounced in the case at bar. We construe the sentences here, therefore, to be for imprisonment in jail for a term of six months only.

For the reasons given herein, let the judgment in the case of Sellers be affirmed, and that in the case of Haussener be reversed and remanded for a new trial.

Case No. 6805, reversed; VAN VALKENBURGH, Circuit Judge, concurring in the result.

Case No. 6806, affirmed.