## ROSSINI v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1925.)

No. 6688.

1. **Indictment and information** ⟐3—Offenses of maintaining a nuisance or selling liquor may be prosecuted on information; "infamous crimes."

The offense of maintaining a nuisance, in violation of Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), and of selling liquor in violation of section 29 (Comp. St. Ann. Supp. 1923, § 10138½p), are misdemeanors, and not "infamous crimes," and either may be prosecuted on information.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Crime.]

2. **Indictment and information** ⟐3—Separate sentences on different counts cannot be cumulated as single sentence for infamous crime, requiring presentment by indictment.

Sentences on different counts of an information are for separate offenses, and cannot be cumulated and regarded as a single sentence for more than a year, for the purpose of claiming that it was for an infamous crime, and therefore requiring presentment by indictment.

3. **Indictment and information** ⟐176 — Evidence as to time of sale of liquor held to support charge of maintaining nuisance.

Under a charge of maintaining a nuisance on September 26, evidence of a sale of liquor

on the premises on the preceding August 6 *held* not too remote in time to support the charge, where there had been no change of ownership or character of the business in the meantime.

**4. Criminal law ⊚⟶370, 371(10) — Evidence held admissible in charge of maintaining nuisance, to show knowledge and intent.**

Evidence of sale of liquor in premises a short time before the date on which the proprietor was charged with maintaining a nuisance therein *held* admissible, as showing guilty knowledge and intent.

**5. Criminal law ⊚⟶693—Right to object to evidence as illegally obtained held waived.**

Where a defendant knows before trial of the possession by the prosecution of physical exhibits and the manner in which they were obtained, he waives the right to object to their admission as evidence, because illegally obtained, by waiting until they are offered in the course of trial.

**6. Criminal law ⊚⟶1169(3)—Admission of evidence not prejudicial, even if error, and does not authorize reversal.**

The admission of evidence of a fact, otherwise shown or admitted by defendant as a witness, even if error, was without prejudice, and does not authorize a reversal.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Criminal prosecution by the United States against Sam Rossini. Judgment of conviction, and defendant brings error. Affirmed.

George G. Chapin, of St. Paul, Minn., for plaintiff in error.

George A. Heisey, Asst. U. S. Atty., of Minneapolis, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before STONE and LEWIS, Circuit Judges, and SCOTT, District Judge.

STONE, Circuit Judge. From a conviction on an information in three counts, charging respectively possession of intoxicating liquor, sale of intoxicating liquor and maintaining a liquor nuisance, this writ is sued out.

The plaintiff in error presents here three main contentions: First, this offense, being punishable by imprisonment in the penitentiary, was an infamous crime, which could be preferred only in an indictment (Const. U. S. Amend. 5); second, that certain evidence relating to the nuisance count should have been excluded; and, third, that certain evidence secured under alleged unlawful search and seizure should have been excluded.

[1] I. While a very ingenious argument is presented by counsel for the plaintiff in error, his entire contention is met and con-

clusively answered by the case of Brede v. Powers, 263 U. S. 4, 44 S. Ct. 8, 68 L. Ed. 132. The conviction in the Brede Case (as upon the third count here) was for violation of section 21 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj). At the same time that it determined the Brede Case, the Supreme Court had before it the case of Wyman v. United States, 263 U. S. 14, 44 S. Ct. 10, 68 L. Ed. 136, which was a conviction for violation of section 29 of the same act (Comp. St. Ann. Supp. 1923, § 10138½p) for the sale of intoxicants (the same charge covered by count 2 of the case at bar). These two cases were considered together and virtually determined in the opinion in the Brede Case. Both the Brede and Wyman Cases were instances of prosecutions upon informations where the persons had sued out writs of habeas corpus, based upon the contention that such offense could be presented only by indictment. While those cases had in mind the imposition of imprisonment at hard labor, yet the reasoning of the court covers the matter of imprisonment in a penitentiary as well and obviously is equally applicable thereto. The statement in the Brede Case which determines the case now at bar and settles this contention is found on page 12 (44 S. Ct. 9) and is as follows:

"The statute provides that, for the offense here charged, the offender shall be fined not more than $1,000 or imprisoned not exceeding one year, or both. Section 21. Where the charge is selling, as in the Wyman Case, post, 14 [44 Sup. Ct. 10], the punishment, for the first offense, is a fine not more than $1,000, and imprisonment not exceeding six months. National Prohibition Act, § 29, 41 Stat. 316. The statute excludes the imposition of hard labor or *imprisonment in a penitentiary*. Under the contention of appellant both would be imposed."

See, also, Brown v. United States, 260 F. 752, 171 C. C. A. 490 (9th C. C. A.); Hunter v. United States, 272 F. 235 (4th C. C. A.); Yaffee v. United States, 276 F. 497 (6th C. C. A.).

Plaintiff in error places much reliance upon Stevens v. Biddle, 298 F. 209, decided by this court. That case is distinguishable because the offenses involved in those indictments were felonies.

[2] In this connection, it is contended that the sentences here imposed of six months on the second count and one year on the third count, to run consecutively, amount to one sentence for more than a year and therefore justify imprisonment in a penitentiary which

would make the punishment "infamous" and therefore require presentment by indictment. The above quotation from the Brede Case clearly and definitely settles the status of prosecutions under this statute and forecloses the contention just outlined. Again, separate counts in the same indictment or information charge separate and distinct offenses, require separate and distinct action by the court in adjudging sentence or acquittal.

[3] II. The second matter relied upon here is the admission of evidence of a sale at this place on August 6, 1923. The third count charges a nuisance as of September 26, 1923. The objection to the above evidence was upon the grounds (a) that it comes within the rule prohibiting proof of distinct offenses not charged in the information; (b) that it was so remote in time from the date alleged in the nuisance count that it could constitute no part of the nuisance there charged; and (c) that no sufficient notice was given by the information by which any such evidence could have been anticipated on the trial. There was evidence introduced proving an unlawful sale at this place on August 25, 1923, and the unlawful possession at that place on September 26, 1923. There was conclusive evidence of no change in the ownership or character of business at this place between the 5th of August and the 26th of September. Evidence of sales at this place would support the charge of maintaining a nuisance, so that this character of evidence would be entirely pertinent to the nuisance charge if it be not so far removed in time as to have no logical or natural connection with the existence of such nuisance on or about the dates specifically charged. We think this evidence sufficiently near in point of time. The evidence is entirely proper and directly supports the charge of maintaining such a nuisance at or about the time alleged here.

[4] Irrespective of the nuisance charge, the evidence was admissible as showing guilty knowledge and intent on the part of accused. This becomes pertinent because of the claim made by Rossini, who admitted the presence of liquor on the premises, that no liquor was ever kept for sale or sold there with his knowledge.

III. Prior to the filing of the information, prohibition officers secured a warrant to search the premises of the accused. These premises consisted of a two-story building whereof the ground floor was used as a pool hall, bowling alley and soft drink establishment connected by a dumb-waiter with the upper floor which was used as the residence of the accused, his wife and his employee. Two of the prohibition officers, before the date the warrant was served, had purchased intoxicants in the soft drink parlor which were sent down from the floor above on the dumb-waiter after being ordered by them. With the thought that the intoxicants were located on the second floor and might be destroyed if any warning of the search should be given, the officers divided into two parties, one going into the ground floor room with a copy of the search warrant and the other going up a back outside stairway leading up to the second floor, with the original warrant. They endeavored to make the approach of the two parties simultaneous. While the copy of the search warrant was being served on the first floor, the other party, having encountered a locked door and no answer to their repeated summons to open, kicked in the door on the second floor. Rossini, who was down stairs where the warrant borne by the officers who entered from the front was served, promptly went up stairs. Up to the time he met the searchers on the second floor, they had found only one bottle of liquor. The searching officers talked with him there and he denied having any other liquor. Further search, in his presence, revealed a hidden compartment under the kitchen floor in which were six or eight bottles of whisky. Further search of the premises revealed several bottles of beer. At the trial of the case, when the government offered to prove what had been found by the officers, counsel for plaintiff in error was permitted to develop the above facts concerning the service of the warrant, and thereupon, for the first time, objected to the introduction of such evidence. This objection was overruled. The above action of the court in permitting the introduction of this testimony is the matter involved in this point.

This point must be ruled against plaintiff in error for four reasons: First, he has not complied with rule 11 of this court by quoting "the full substance of the evidence admitted." The assignments (9 to 12, inclusive) relied upon to present this matter are most general statements, except assignment 11, which covers the admission of three physical exhibits. Except as to this assignment 11, there is no proper assignment under the above rule.

[5] The second reason why no error was committed in the admission of this evidence is that the accused waived his right to object to this evidence on the ground of the method in which it was obtained because he made no effort to do so before there was an

offer, in the course of the trial, of this testimony. An objection of this character must be made seasonably. It is not made 'seasonably when, as here, accused knows, in advance of the trial, of the existence of the evidence and the way in which it has been procured and makes no move to prevent its use as evidence until it is offered in the course of the trial. There is no good reason why the accused should not be compelled to present the exclusion of such evidence before it is sought to be introduced where he has such knowledge concerning it. He is thus given ample opportunity to protect his rights if he wishes to do so. On the other hand, to permit him to wait until the court is in the course of taking the evidence would often afford him an opportunity to lay a trap which would prevent the government from producing other testimony of the offense or sufficient testimony concerning the character and sufficiency of the search and seizure. Again, if this matter were seasonably presented before the trial and sustained by the court, the expense and delay of a useless trial would often be accomplished. This matter has been directly so decided by this court in Winkle v. United States, 291 F. 493, and such position is strongly supported by expressions of the Supreme Court in Gouled v. United States, 255 U. S. 298, 305, 41 S. Ct. 261, 65 L. Ed. 647; Weeks v. United States, 232 U. S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. Also see Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654; MacDaniel v. United States, 294 F. 769, 772 (6th C. C. A.).

[6] The third reason is that there was other evidence which conclusively established the presence of intoxicants. Rossini testified, without objection, that he had the liquor, but that it was for his own use. One bottle, he said, was alcohol for body rubbing purposes and that the beer was "near beer," or was bought by him for "near beer," and he had no knowledge that it was intoxicating or contained an illegal excess of alcohol. As this plaintiff in error voluntarily admitted all that the officers found under the search warrant, he could not have been substantially injured by the admission of such evidence. Without substantial prejudice therefrom, he cannot urge reversal therefor.

The fourth reason is that all except one bottle of the liquor was searched for and found after this plaintiff in error had knowledge of the warrant; was conducted in his presence and was, therefore, fully protected by the warrant. Surely reversal cannot follow even if this one bottle should have been excluded (which we do not decide).

The judgment is affirmed.