## CAHILL et al. v. BIDDLE, Warden, etc.

(Circuit Court of Appeals, Eighth Circuit. June 5, 1926.)

No. 7100.

**1. Habeas corpus ⟨⟩30(1).**

Question of error in consolidating for trial two indictments is not reviewable by proceeding in habeas corpus.

**2. Habeas corpus ⟨⟩97—Question of unlawful imprisonment to enforce payment of fine imposed at same time sentence was given for another offense may be considered in habeas corpus, although other term of imprisonment has not yet expired (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]; Comp. St. § 8603).**

Where defendants, after consolidation of cases, were sentenced to Leavenworth for violation of Comp. St. § 8603, and ordered imprisoned until fine imposed for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) was paid, question of unlawful imprisonment as means for enforcing payment of fine may be considered in habeas corpus proceeding, although imprisonment for violation of section 8603 has not yet expired.

**3. Fines ⟨⟩12.**

Right to impose fine gives authority to compel payment of fine by imprisonment.

**4. Criminal law ⟨⟩1218.**

Unless United States statute requires one convicted to be confined in penitentiary, sentence of imprisonment for one year or less cannot be executed by confinement in penitentiary, in view of Criminal Code, § 335 (Comp. St. § 10509), defining felonies.

**5. Criminal law ⟨⟩1218.**

Fine for minor violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), for which only punishment is fine, may not be enforced by imprisonment in penitentiary, in view of sections 21, 29, tit. 2 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½p), permitting imprisonment for only one year and six months respectively for more serious offenses.

**6. Habeas corpus ⬥112—Error in sentence to penitentiary until payment of fine for violation of Prohibition Act may be corrected, and discharge from custody must be without prejudice to imposition of proper sentence (National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).**

Error in sentencing defendant to penitentiary until payment of fine for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) may be corrected by proper proceedings for that purpose, and, if discharge is ordered on habeas corpus, it must be without prejudice to imposition of proper sentence.

**7. Habeas corpus ⬥59.**

Failure to order petitioners for habeas corpus to be produced at hearing of applications was not error.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Application by Edward J. Cahill and others for writ of habeas corpus against W. I. Biddle, as Warden of the United States Penitentiary, Leavenworth, Kan. Judgment dismissing the petition, and petitioners appeal. Reversed, with directions.

Edward J. Cahill and John E. Kelly, in pro. per.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., and John N. Free, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. Appellants were indicted in the District Court of the United States for the Southern District of Illinois for violations of the Act of Congress approved February 13, 1913 (Comp. St. § 8603). In five different counts of this indictment it was alleged that they broke the seal of or entered into railroad cars containing interstate shipments of freight, with intent to commit larceny in the car, that they did commit such larceny and that they unlawfully had possession of the goods stolen from such shipments of freight, knowing them to have been stolen. The goods were described as 80 barrels of nonbeverage alcohol. Another indictment against the defendants alleged, in separate counts, the unlawful possession of intoxicating spirituous liquor, and the unlawful transportation of such liquor, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). On motion of the district attorney the court ordered a consolidation of the two cases. A jury

found the defendants guilty under both indictments on November 25, 1921. A single sentence of eight years' imprisonment in the United States penitentiary at Leavenworth, Kan., was imposed for the violations of the act of February 13, 1913, and for the violations of the National Prohibition Act a fine was imposed of $500 and costs, and the defendants were ordered to be imprisoned in the United States penitentiary at Leavenworth until the fines and costs were paid.

Appellants filed a petition for a writ of habeas corpus, alleging that the appellee, as warden of the penitentiary, illegally held appellants in execution of the sentence. The appellee moved a dismissal of the petition, because the facts alleged were not sufficient to require a writ of habeas corpus to be issued, and this motion was sustained, and the petition was dismissed. The petitioners have appealed.

[1] It is claimed that the court erred in consolidating for trial the two indictments. This question is not reviewable by a proceeding in habeas corpus. Cardigan v. Biddle (C. C. A.) 10 F.(2d) 444, 446, 447; Howard v. United States, 75 F. 986, 997, 21 C. C. A. 586, 34 L. R. A. 509.

[2-5] The appellants alleged that they were unlawfully imprisoned, to the extent that they were committed to the United States penitentiary as a means of enforcing payment of the fines, and this question may be considered, although the term of imprisonment imposed because of the violations of section 8603 of the Compiled Statutes has not yet expired. O'Brien v. McClaughry, 209 F. 816, 820, 126 C. C. A. 540. The maximum punishment provided by section 29, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), for a first offense of unlawful possession or unlawful transportation of intoxicating liquor is a fine of $500. The right to impose a fine gives authority to compel payment of the fine by imprisonment. Pierce v. United States, 255 U. S. 398, 401, 41 S. Ct. 365, 65 L. Ed. 697; Ex parte Barclay (C. C.) 153 F. 669, 670; United States v. Robbins, Fed. Cas. No. 16,171. As to the place of imprisonment, it has become the settled rule that, unless a statute of the United States requires one convicted to be confined in a penitentiary, a sentence of imprisonment for one year or less cannot be executed by confinement in a penitentiary. In re Mills, 135 U. S. 263, 270, 10 S. Ct. 762, 34 L. Ed. 107; In re Bonner, 151 U. S. 242, 255, 14 S. Ct. 323, 38 L. Ed. 149; Brede v. Powers, 263 U. S. 4, 12, 44 S. Ct. 8, 68 L. Ed. 132. The National Pro-

hibition Act does not require imprisonment in the penitentiary for a first offense of any kind against the provisions of that act. For the more serious offenses, such as maintaining a nuisance (section 21 [Comp. St. Ann. Supp. 1923, § 10138½jj]), imprisonment for one year may be imposed, and for a first offense of illegal manufacture or sale of liquor (section 29) imprisonment for six months may be imposed. As these offenses cannot be punished by imprisonment in a penitentiary it is not permissible that minor violations of this act of Congress, for which the only punishment fixed is the payment of a fine, shall be enforced by imprisonment in a penitentiary.

The effect of section 335 of the Criminal Code (Comp. St. § 10509) which defines felonies, as offenses punishable by death or by imprisonment for a term exceeding one year, while all other offenses are deemed misdemeanors, is to reserve the penitentiaries for punishment of felons, unless a statute authorizes imprisonment at hard labor. In popular estimation, imprisonment in a penitentiary has generally been considered as more ignominious punishment than imprisonment in a jail, and this provision of the Criminal Code expresses the same judgment. Punishment by imprisonment in a penitentiary or at hard labor is allowable only in the case of an infamous crime. Brede v. Powers, 263 U. S. 4, 10, 44 S. Ct. 8, 68 L. Ed. 132. Whatever may be the rule as to such imprisonment to enforce a fine which is imposed under a sentence to both fine and imprisonment for a felony committed (see In re Greenwald [C. C.] 77 F. 590, 594; Haddox v. Richardson, 168 F. 635, 640, 94 C. C. A. 99), it does not harmonize with the distinction between the statutory grades of offenses that one who commits a misdemeanor should be imprisoned in a penitentiary because of his unwillingness or inability to pay a fine.

[6] While the appellants are entitled, upon the facts alleged in their petition, to be discharged from further custody by the appellee in satisfaction of that part of the sentence which enforced the payment of the fines, the error occurred in the imposition of a portion of the sentence, and may be corrected by proper proceedings for that purpose. Ex parte Bollman, 4 Cranch. 75, 98, 2 L. Ed. 554; Ponzi v. Fessenden, 258 U. S. 254, 261, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Ex parte Lamar (C. C. A.) 274 F. 160, 164, 24 A. L. R. 864; Chapman v. Scott (C. C. A.) 10 F.(2d) 690, 691. If, after a further hearing, a discharge is ordered from custody, so far as it was imposed for failure to pay the fine, it should be without prejudice to the right of the United States to proceed to have a proper sentence imposed, as a means of enforcing payment of the fines. In re Bonner, 151 U. S. 242, 261, 262, 14 S. Ct. 323, 38 L. Ed. 149; Medley, Petitioner, 134 U. S. 160, 174, 10 S. Ct. 384, 33 L. Ed. 835.

[7] Appellants also complain that the court did not order them to be produced at the hearing of these applications. This was not error, as has been determined in Foster v. Biddle, 14 F.(2d) 280, opinion filed at this term.

The judgment dismissing the petition is reversed, with directions to proceed in accordance with the views expressed herein.