## GRADER et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
August 26, 1927.

No. 7476.

1. **Criminal law ⟨key⟩1028—Writ of error brings for review only questions ruled on by trial court.**

On writs of error, the Circuit Court of Appeals is a court for correction of erroneous rulings of the trial court, and will not consider questions not presented to or ruled on by that court.

2. Indictment and Information ⟨⟩3—Manufacturing, possessing liquor, or possessing still is "misdemeanor" which may be prosecuted by information (National Prohibition Act [27 USCA §§ 12, 39]; Const. Amend. 5).

Manufacturing or possessing liquor or possessing still, in violation of National Prohibition Act, tit. 2, §§ 3, 25 (27 USCA §§ 12, 39), is "misdemeanor," not infamous crime, and may be prosecuted by information, without violation of Const. Amend. 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misdemeanor.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Criminal prosecution by the United States against August Grader, Elza Cook, and others. Judgment of conviction, and defendants Grader and Cook bring ·error. Affirmed.

J. G. Ralls, of Atoka, Okl., for plaintiffs in error August Grader and Elza Cook.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

WALTER H. SANBORN, Circuit Judge. The defendants below, August Grader and Elza Cook, plaintiffs in error here, were charged in an information, in its first count, with unlawfully manufacturing on January 21, 1925, in violation of section 3, tit. 2, of the National Prohibition Act (27 USCA § 12 [Comp. St. § 10138½aa]), 70 gallons of whisky at a place and time within the jurisdiction of the court below, in its second count with unlawfully having in their possession at the same time and place, in violation of the same section, 70 gallons of whisky, and in its third count with unlawfully having in possession at. the same time and place, ·in violation of section 25, tit. 2, of the act (27 USCA § 39 [Comp. St. § 10138½m]), a complete still, boiler, and worm, 300 pounds of sugar, and 3,600 gallons of mash, designed and intended by them for use in manufacturing whisky in violation of section 3, tit. 2, of the National Prohibition Act.

When their case came on for trial, they waived arraignment and pleaded guilty to the charges on March 17, 1926. On the next day, the court ordered that they be permitted to make, and they made, and the court, "after being fully advised in the premises," as the record reads, denied their motion in arrest of judgment, based upon the sole ground that the prosecution of the case against them was illegal and violative of the provision of the Fifth Amendment to the Constitution which declares that:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when . in actual service in time of war or public danger."

The defendants excepted to this denial, and thereafter the court sentenced the defendant Grader to jail for six months on the first count, to a ·fine of $1 on execution on the second count, and to a fine of $100 on the third count, and sentenced the defendant Cook to jail for six months on the first count, to pay a fine of $100 on the third count, and a fine of $1 on execution on the second count, and to stand committed until the fine on the third count was paid.

The only question presented in this court by the record in this case is whether the prosecution of these defendants for the offenses described on an information was a violation of the provision of the Constitution quoted.

[1] We do not overlook, in making this statement, the fact that counsel for the defendants argues in his brief that the judgments below should be reversed for the reason that the information was defective because it did not charge that the whisky was manufactured or possessed, or that the still, boiler, worm, etc., were intended to be used to manufacture whisky "for beverage purposes." But the record fails to show that any objection of this character was made in the court below, or was assigned as error, so it is that no objection of. this nature was presented to the court below, and· it never made any ruling upon any ·such objection. It is too late now to permit the defendants to make it in this court for the first time. In the review of trials at law upon writs of error, this is a court for the correction of erroneous rulings of the court below only. That court never was asked to make, and never made, any ruling on this question. There was therefore no error in any such ruling, and this objection will not be further noticed.

[2] We turn to the only question for our determination in this case: Was the prosecution and conviction of these defendants under an information without an indictment violative of the provision of the Fifth Amendment to the Constitution quoted? An examination of the authorities, however,

demonstrates the fact that this question has been conclusively answered and is no longer debatable. Brede v. Powers, 263 U. S. 4, 44 S. Ct. 8, 68 L. Ed. 132; Rossini v. United States (C. C. A.) 6 F.(2d) 350, 351; Myers v. United States (C. C. A.) 15 F.(2d) 977; Williams v. United States (C. C. A.) 3 F. (2d) 933; Davis v. United States (C. C. A.) 274 F. 928; Singer v. United States (C. C. A.) 278 F. 415. The offenses charged in this information are of the same class and are governed by the same rule as those considered in Brede v. Powers, 263 U. S. 4, 12, 44 S. Ct. 8, 9, 68 L. Ed. 132, of which the Supreme Court said:

"The statute provides that, for the offense here charged, the offender shall be fined not more than $1,000 or imprisoned not exceeding one year, or both. Section 21. Where the charge is selling, as in the Wyman Case, post 14, the punishment, for the first offense, is a fine not more than $1,000, and imprisonment not exceeding six months. National Prohibition Act, § 29, 41 Stat. 316. The statute excludes the imposition of hard labor or imprisonment in a penitentiary. Under the contention of appellant, both would be imposed." The offenses charged in this information, as this court has repeatedly held in considered opinions after exhaustive arguments, are not infamous. Rossini v. United States (C. C. A.) 6 F.(2d) 350; Bartos v. United States District Court for the District of Nebraska (C. C. A.) 19 F. (2d) 722, filed May 17, 1927. There is no moral turpitude in them; they are mala prohibita, but they are not mala in se, and there is no violation of the Fifth Amendment to the Constitution in prosecuting them on information without indictments.

Let the judgment below be affirmed.