### Ex parte O'CONNOR.

District Court, D. Kansas, First Division.
March 10, 1928.

No. 129.

1. Criminal law ⚖1211—Sentence for more than a year's imprisonment cannot be imposed on conviction for maintaining nuisance, though second offense (National Prohibition Act, tit. 2, § 29 [27 USCA § 46]).

The provision of National Prohibition Act, tit. 2, § 29 (27 USCA § 46), fixing the punishment which may be imposed for a second or subsequent offense in violating any provision of the act "for which offense a special penalty is not prescribed" does not apply to the offense of maintaining a nuisance, for which the penalty is prescribed by section 21; and a defendant convicted of that offense, though a second time, cannot be sentenced to imprisonment for more than one year.

2. Criminal law ⚖1217, 1218—Maintaining nuisance not punishable by sentence to hard labor or imprisonment in penitentiary (National Prohibition Act, tit. 2, § 21 [27 USCA § 33]).

A defendant convicted of maintaining a common nuisance under National Prohibition Act, tit. 2, § 21 (27 USCA § 33), cannot be sentenced to hard labor or to imprisonment in a penitentiary.

Habeas Corpus. Petition of Edward J. O'Connor for a writ of habeas corpus. Writ granted, and petitioner remanded to court by which he was sentenced.

T. W. Bell, of Leavenworth, Kan., for petitioner.

Al F. Williams, U. S. Atty., and Alton H. Skinner and L. E. Wyman, Asst. U. S. Attys., all of Topeka, Kan., for respondent.

McDERMOTT, District Judge. This is an action in habeas corpus, and has been tried on the petition and the response.

The petitioner was indicted on three counts. The first was for the unlawful possession of intoxicating liquor in the city of Ecorse, Mich., on or about the 5th of December, 1923; the second was for an unlawful sale at the same time and place; and the third was for the maintenance of a nuisance at the same place, between November 1, 1923 and December 5, 1923.

There was a conviction upon all three counts and a sentence of ninety days in jail on the first count; of one year and one day in the penitentiary at Leavenworth on the second count; of one year and a day in the penitentiary at Leavenworth and a fine of a thousand dollars on the third count—the defendant to stand committed until the terms of the sentence are complied with.

The petitioner contends that the first and the third count disclose a single act. This contention cannot be sustained. There is nothing in the indictment or the record to support it. The possession covered by the first count is alleged to be in the town of Ecorse, on the 5th day of December; the maintenance of the nuisance, while at the same place, may have occurred at any time between the 1st of November and the 5th of December.

The records disclose that the petitioner has served the jail sentence imposed; and that his sentence in the penitentiary began on August 8, 1926, and expires August 9, 1928, the minimum term expiring March 18, 1928. He has served more than the one year and one day imposed under the second count.

[1] The prisoner contends that the punishment imposed on the third count, of one year and one day in the penitentiary at Leavenworth, is in excess of the maximum imprisonment prescribed by the statute. This contention must be sustained.

Section 21 of the National Prohibition Act (27 USCA § 33) provides that any person who maintains a common nuisance "shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not more than one year, or both."

Section 29 of the same act (27 USCA § 46) provides that:

"Any person violating the provisions of any permit, or who makes any false record, report, or affidavit required by this chapter, or violates any of the provisions of this chapter, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500; for a second offense not less than $100 nor more than $1,000, or be imprisoned not more than ninety days; for any subsequent offense he shall be fined not less than $500 and be imprisoned not less than three months nor more than two years."

The same section provides that any person who unlawfully sells liquor may be punished for a second offense by a fine of not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years.

The second count of the indictment, after alleging the unlawful sale, alleges a prior conviction. The sentence imposed of one year and one day under the second count is therefore valid.

The third count, after alleging the nuisance, alleges one prior conviction. It is contended that the petitioner may be imprisoned under the quoted clause of section 29 for a period not exceeding two years. There are two answers to this contention. In the first place, the indictment alleges but one prior conviction, and therefore it is but a second offense, which, under the quoted statute, carries with it a punishment by imprisonment of not more than ninety days.

The other answer is this: The quoted section of section 29 applies to those persons who have violated the provisions of a permit, or who have made false records, circumstances not present here, or persons who violate any of the provisions of the statute "for which offense a special penalty has not been prescribed." The third count alleges a nuisance under section 21 for which a special penalty is prescribed, and the offense is therefore not one for which punishment is prescribed by section 29.

The nuisance covered by section 21 is a misdemeanor for which the maximum punishment is a fine of $1,000, and imprisonment for not more than one year. The sentence for one year and one day is therefore one day excessive, but this of itself does not invalidate the sentence excepting for the extra day. [2] Does the law justify a sentence in the United States penitentiary, for a period of a year or less, as a punishment for a misdemeanor?

It has been ruled that the United States court may sentence a prisoner to the United States penitentiary for a period of one year, where the punishment is for the commission of a felony. Stevens v. Biddle (8th C. C. A.) 298 F. 209.

This decision construes the act relating to federal penitentiaries. Act of March 3, 1891 (18 USCA §§ 741–748; sections 10552 to 10560, U. S. Comp. St.). That section (18 USCA § 741) is not by its terms limited to felonies, but relates to the confinement of all persons "convicted of any crime whose term of imprisonment is one year or more at hard labor."

The same court later ruled that the United States penitentiaries are reserved for the punishment of felonies unless the statute authorizes imprisonment at hard labor, and has ruled that punishment by imprisonment in a penitentiary or at hard labor is allowable only in the case of an infamous crime. In the same case it was decided that imprisonment in the penitentiary could not be had to enforce payment of a fine. Cahill v. Biddle (C. C. A.) 13 F.(2d) 827.

Is the maintenance of a nuisance under the National Prohibitory Law an infamous crime? This question is squarely answered in the case of Brede v. Powers, 263 U. S. 4, 44 S. Ct. 8, 68 L. Ed. 132, where the petitioner had been convicted under the same nuisance section of this same statute. The Supreme Court said that the contention of the petitioner rested upon this question: "Is the contention of appellant justified in that his was a conviction and commitment of an infamous crime?"

The answer was in the negative, and the court laid down the law with reference to this particular section of the statute as follows: "The statute excludes the imposition of hard labor or imprisonment in a penitentiary."

It follows that the sentence of the petitioner to confinement in the United States penitentiary under this section of the statute is invalid. The writ must therefore be granted.

The statute further provides that, upon the allowance of a writ of habeas corpus, the court shall "dispose of the party as law and justice require." R. S. § 761 (28 USCA § 461). It appears that the petitioner has not yet served the full term of a valid sentence that might be imposed by the court, and, furthermore, that he has not paid the $1,000 fine for which he stands committed.

The prisoner should therefore be returned to the United States court for the Eastern District of Michigan for such disposition as that court shall desire to make, with reference to any correction of the sentence as to the place of imprisonment, and for the collection of the fine imposed. It is so ordered.